## ADAM BRENNER *vs.* JOSEPH H. WEAVER.

An indorsement on the back of a note in the following words : "For value received I promise to pay the within mentioned money to Hartman & Weaver. (Signed.) ADAM BRENNER," *held* to be an absolute undertaking, and not a guarantee.

The filing of the note, with the indorsement thereon, in justice court, *held* to be a sufficient bill of particulars.

. The guarantor is not entitled to notice of non-payment of the note guaranteed, at least when he will not be prejudiced for want of it, and non-payment and notice need not be set out in the bill of particulars before a justice.

The supreme court cannot consider any question on review of the decision o the district court on a writ of error from a justice, not brought before and passed upon by the district court.

The facts in this case sufficiently appear in the opinion of the court.

*W. W. Guthrie*, for plaintiff in error.

I. It is a well settled principle that a promise to pay the existing obligation of another, constitutes such promise a *guaranty* only when such obligor is not discharged.

II. An action cannot be sustained against a guarantor until after notice of non-payment. (*Douglas et al. vs. Reynolds et al.*, 7 *Peters R.*, 126.)

No notice or proof of demand was shown in this case, but the failure appears. (*See record.*)

III. Such demand and notice must be averred in the bill or petition, this being essential to recovery. (*Seney's Civil Code, p.* 105.)

IV. The guarantor of a constitutional obligation cannot be recovered against until the amount due, by reason of such obligation, shall have been established against the obligor. This may be done in the same action.

Brenner's obligation is to pay said sum of money according to the tenor of Hoffman's obligation, providing that Hoffman does not.

If it is called an original or absolute promise, it must be continued by itself.

V. An action cannot be sustained against a guarantor until a cause of action has been established against the principal. (*Chitty on Con., p.* 514, *side p.* 414.)

VI. A guarrantor can only be compelled to pay the obligation of his principal, in that case, upon such record, where he can recover the amount so paid from such principal.

Should Brenner be compelled to pay this note, and seek to recover the amount so paid from Hoffman, could not Hoffman by showing that these were offsets, or legal accounts, against the accounts and notes for which said notes were given, defeat Brenner's recovery? Certainly so, for Hoffman is not to pay his said note, if he has offsets against it, which he has the right to show whenever he is called upon to pay. Then Weaver cannot recover against Brenner in the first instance.

Should it be said that Brenner could defend against this note, the same as Hoffman could do, I answer that the matter of defense is not one that Brenner is presumed to know—it is only to be known by Hoffman.

Weaver took this note after due, and with full knowledge of its conditions.

VII. Said guarantee is special, and not negotiable, and no party but Hartman and Weaver can sue Brenner.

Hartman and Weaver were the only parties Brenner contracted to see paid. (*Chitty on Con.*, p. 515, side p. 414, and cases cited in notes.)

*Otis & Glick*, for defendant in error.

The record must show that error exists affirmatively.

The finding of the justice presumes that he acted on sufficient evidence. (*See* 1 *Greenl. on Ev.*, p. 450.)

Where facts of an official nature require the concurrence of official persons, a presumption arises in favor of their due execution. (*Chap.* 10, § 14, *Gould's Plead.; Thompson vs. Tolme*, 2 *Pet. R.*, 157, 163; *Ward et al. vs. Crane*, 3 *Black.*, 196; *Edmonds vs Paskins*, 8 *Black.*, 196.)

A justice of the peace will be presumed to have done his duty unless the contrary appears. (*Beeman vs. The State*, 5 *Black.*, 165.)

After a case has been passed upon, everything is to be presumed in favor of judgment. (2 *Ohio R.*, 208; *Maxfield vs. Johns. Broom's Maxims*, 729; *Johnson vs. Miller*, 12 *Ohio R.*, 10.)

A guarantee is a conditional contract. This is an absolute contract. (*Dole vs. Torry*, 24 *Pick.*, 250.)

Brenner is a principal on the note sued on, and liable as such.

From what appears on the face of the note and indorsements, the law presumes that Brenner signed the note as such. Such indorsements as this are held to make the signor a principal—as nothing appears on the record to show that the note and indorsements were not one transaction—and this will be presumed after judgment. (*See Story on Prom. Notes*, § 468; 3 *Minot's Dig.*, 101, *VIII*, 1, 2, 8, 9; *Carver vs. Warren* 5 *Mass. R.*, 545; *White vs. Howland*, 9 *Mass. R.* 314.)

A guarantor is not entitled to notice of non-payment.

Even if Brenner was entitled to notice he had it, from ought that appears on this record. The record need not set

out the evidence—only the finding upon the evidence. But no notice of non-payment was required, none admitting that Brenner was a guarantor. (*See* 3 *Kent*, 124, *side page*; *Byles on Bills*, *p*. 269; *Story on Bills of Ex.*, § 305.)

Actual damage must be shown before notice can be required. (*See case supra; Babcock vs. Bryant*, 12 *Pick.*, 133, 416; *Dole vs. Torry*, 24 *Pick.*, 250.)

Guarantee means a conditional promise. (*Dole vs. Torry*, 24 *Pick.*, 250, 252.)

The consideration need not appear upon the face of the instrument. (*See Comp. Laws*, *p.* 351, § 6.)

By the Court, KINGMAN, J. The record shows that Lee A. Hoffman gave his note to Hartman & Weaver for seventy-four dollars and thirty-two cents, in the usual form, to which is added this stipulation :

" This note is given to Hartman & Weaver for notes and accounts received of them. Now, if there should be any legal accounts or offsets brought against said accounts or notes, the same is to be deducted from the amount of this note."

Upon this note, without date, is the following undertaking :

"For value received I promise to pay the within mentioned money to Hartman & Weaver.          ADAM BRENNER."

The note, after maturity, was assigned to the defendant in error, who brought suit thereon against the plaintiff in error before a justice of the peace, and after several continances, at the instance of plaintiff in error, a judgment was rendered against him for the amount of the note.

The judgment was taken to the district court by writ of error, and there affirmed, and is now brought to this court for revision.

Three grounds of error are set forth in the petition to the district court, and as we cannot consider here any question that was not brought before and passed upon by the district court, the errors only alledged before that court will be examined.

These errors are:

First. That the justice erred in overruling the motion of the defendant below.

Second. There was no service of process in the cause, or notice to defendant.

Third. That the judgment was for the plaintiff below, when it should have been for defendant.

As to the first error alleged, it is sufficient to say that the record does not give us any facts upon which we can predicate an opinion. It merely shows that the plaintiff in error moved the court to dismiss the case on the ground that " notice had not been given to the defendant of non-payment of the note in proper time."

If notice were necessary, which is not conceded, it was the duty of the plaintiff in error, if he decided to test its sufficiency, to have incorporated it into the record by a bill of exceptions.

It seems by terms of the motion that notice of non-payment had been given and was in proof. The only difficulty was whether it had been given in proper time, upon which point the counsel and the justice differed. Which was right we cannot tell, having none of the means necessary thereto.

The second error is groundless. Not only was there service of process, but the appearance of the defendant by himself and counsel appears from the record.

The only other error alleged, of which we can take notic, is, that there was no bill of particulars filed, (save the note with the undertaking indorsed thereon.)

We think this was enough. The suit was brought on the undertaking of Brenner, and that was filed. It was absolute in its character, and cannot be held as a guarantee. It does not purport to be a guarrantee that the money shall be paid at maturity or any other time. It is a full promise to pay the same, and had nothing to do with the note except to refer to it to ascertain the amount to be paid. It may well have been

that by arrangement between the original parties and plaintiff in error, that he became the sole payor of the debt. We have no means of knowing. The record shows that testimony was taken, but its character and tendency is not disclosed. It must be presumed to be sufficient to sustain the judgment. But even if we are wrong in treating Brenner's promise as absolute, instead of guarrantee, it will not change the matter, for even in that case the guarantor is not entitled to notice of non-payment, at least till he has proven that the want of notice has done him a prejudice. (*See Story on Bills of Ex.*, § 305, *and note* 2.)

This does not appear; so that the want of an allegation of notice in the bill of particulars is no defect.

The judgment of the district court having been in accordance with this opinion, is affirmed with costs.

All the justices concurring.