JOHN H. McBRIDE v. LUCY B. HARTWELL.

*Error from Brown County.*

H. brought suit against McB. to foreclose a mortgage making L.'s subsequent
purchasers, parties defendants. Summons served by publication on McB.,
and judgment by default against him, not affecting L.'s, and case continu-
ed as against L.'s, for service, whereupon they appear by attorney to. ex-
cept to the judgment against McB.

*Doubted* whether defendants against whom no judgment is rendered, could except to the judgment against a co-defendant. He only could except to it, and his appearance for that purpose would cure any defect in the service by publication. Without an exception, *doubted* that the Supreme Court could look into the record.

An affidavit by the plaintiffs attorney, that he filed a petition giving its substance, and stating that it was for the sale of lands in the county, and that defendant is a non-resident, *held* sufficient foundation for service by publication.

An order of the Clerk that defendants be notified of the pendency of the suit, giving the title and Court, time of the filing of the petition, and its prayer, and on what founded, and the day the defendants are required to answer, signed and sealed by the clerk with the name of the plaintiff's attorney appended, contains all the statutory requisites of a notice for publocation of summons.

Whether the petition stated sufficient facts is not a question the Supreme Court can look into until it first be presented to the District Court.

Where the record fails to show proof of publication of notice and contains no bill of exceptions, but shows judgment below; *Semble,* the Supreme Court cannot presume that such proof was insufficient in the Court below.

Action below by defendant in error on a note and mortgage against the maker, plaintiff in error, and Thomas Hartwell, trustee in the mortgage for plaintiff below, and George B. Lyon and wife, subsequent purchasers, praying for judgment and decree of foreclosure and sale of mortgaged premises. Petition filed April 4th, 1863.

The record shows, "And thereupon on said 4th day of April, A. D. 1863, the said Lucy B. Hartwell, by B. F. Kelley one of her attorneys in said cause, filed in said clerk's office an affidavit for a notice by publication," &c. The affidavit contains the title of the cause, commencing "Now comes B. F. Kelley, one of the attorneys in this cause, and makes oath &c. and sets forth, that on the 4th day of April 1863, he filed in &c. a petition against &c. praying for judgment against John H. McBride for the sum of one hundred and six dollars, &c. * * due to said plaintiff, and also that certain lands situated in said county of Brown, may be decided to be sold to satisfy a mortgage given by the said John H. McBride to the said plaintiff to secure the payment of a certain sum of money therein

named, and the said John H. McBride has since conveyed said premises to said other defendants, and the said plaintiff further saith that the said McBride has removed from the State of Kansas and now lives in the State of Missouri, and that service of summons cannot be had on him," &c. Signed and sworn to by attorney for plaintiff.

The notice that was published contained the name of the Court and title of the cause, and set forth : "B. F. Kelley, one of the plaintiff's attorneys in this cause having on the 24th day of April 1863, filed his affidavit showing that John H. McBride and Thomas H. Hartwell, are not residents of the State of Kansas and cannot be served with process issuing from this Court; it is therefore ordered by the clerk of said Court in vacation, that the said John H. McBride and Thomas H. Hartwell be notified of the object and pendency of this suit, which was commenced by the plaintiff filing her petition in the District Court for Brown County, State of Kansas, praying judgment against John H. McBride for the sum of [the amount claimed] " on a certain promissory note executed by said John H. McBride to said plaintiff, and also for a decree of foreclosure and sale of the " (mortgaged premises) "mortgaged to secure said note, and also that all equity of said Thomas H. Hartwell in and to said lands, may be forever debarred therefrom, and that unless the said defendants plead answer or demurr to the petition of the said plaintiff herein filed on or before the 11th day of July, A. D. 1863, the same will be taken as true, and judgment and decree as prayed for will be rendered against them." Signed by the clerk April 24th, 1863, bearing the seal of the Court and the names of the plaintiff's attorneys.

The record shows that a precipe for a summons was filed and a summons issued and returned served on George B. Lyon and Mary V. Lyon, May 13th, 1863, by copy left at their residence, &c.

The judgment contains the title of the cause, the appearance of plaintiff below by her attorney, the default by John H. McBride, and judgment against John H. McBride for the amount due, and costs. And further orders, n case of non-payment for ten days, an appraisement advertisement and sale of the mortgaged premises, and application of the proceeds in the usual form, provides, "And it is further ordered and adjudged that all persons claiming subsequent interest in said lands and tenements be barred and forever foreclosed of all right, title, interest and equity of redemption in and to said premises, and this cause stands continued for service on George B. Lyon and Mary V. Lyon. Said defendants Lyons' by their attorney W. W. Guthrie, except to the ruling of the Court in entering judgment against John H. McBride."

No further bill of exceptions appears in the record.

The case was argued in the Supreme Court by *W. W. Guthrie*, for plaintiff in error, and by *C. G. Foster*, for the defendant in error.

*W. W. Guthrie*, for plaintiff in error, among other points submitted :

3d. The affidavit for publication only shows that B. F. Kelley, an attorney in the cause—not for plaintiff—filed a petition, &c.—not that plaintiff filed it, and does not show that the mortgage was given to secure the note sued on— but a certain sum of money. It does not show that the defendants "claim any interest" in the premises, and does not ask relief that they be excluded from any interest in the mortgaged premises, as the law requires.

There is no service by publication unless the law is strictly complied with. 1 *Handy* 39 ; *Seeney's Code*, 87, n. "c."

The publication notice does not state the time of filing the petition, &c. The service is a nullity. 14 *How. N. Y. Pr.*, 380.

The notice shows affidavit filed April 24th, when it was filed April 4th. Defendant was misled by the notice.

The publication was made by the District Clerk and not by party plaintiff, as required.

The object and prayer are not stated in the notice as in the affidavit. Both must state like object and prayer.

Service by publication must be proved by a certain affidavit. (*Sec.* 81, *Civil Code, p.* 137.) This affidavit must show all that is required to constitute proof.

The certificate to the affidavit for publication bears no United States Revenue stamp, and is therefore a nullity.

The action is a proceeding *in rem,*—service is only on the property. No personal judgment could be rendered. *Nash Prac., p.* 346.

*C. G. Foster,* for defendant in error, submitted:

It is not necessary to attach copies of note and mortgage to petition notices. *See Nash Pl. and Pr.*

How service made by publication. (*See Civil Code, Sec.* 78-89; *Seeney, p.* 87.) What affidavit for publication must contain. *Sec.* 79.

It is sufficient to show that it is one of the cases provided for in Sec. 78, and that a service of summons cannot be made on defendant within this State. *Sec.* 79 *Seeney, p.* 87, (*c.*)

As to what notice of publication shall contain. *See Sec.* 80.

A jurat to affidavit needs no revenue stamp. It is not a *certificate* contemplated by the act of Congress. *See decisions on the Excise Tax, p.* 99.

The omission to attach revenue stamp was neglect of clerk, and is not ground of error until the same was acted upon by Court below. (*Sec.* 540 *Civil Code.*) It is an error of fact which cannot be joined with error of law. *Nash p.* 692.

The judgment was properly rendered against McBride for the amount due on the note, and for foreclosure. *Sec.* 384.

The Court had the right to render judgment against McBride and continue as to the other defendants. *Code, Sec.* 381.

*By the Court,* CROZIE, C. J.

The record before us presents a novel state of things. Judgment was rendered against McBride, and the cause continued as to Lyon and his wife, for service—both of whom appear to have been served with the summons that was issued, and the attorney who represents the plaintiff in error here, as the attorney in the Court below of defendants Lyon, undertook to except to the rendition of the judgment against McBride. That is, for the purposes of a foreclosure they were not in Court, but for the purpose of excepting to the judgment against McBride they were in Court. The oral argument at the bar has not convinced us of the consistency of these positions. But it is not important in the view we take of the case, that they be reconciled.

There does not seem to have been any attempt to render a judgment which should effect the rights of the Lyons. For the purposes of the judgment they do not appear to have been regarded as in Court, and if they had been in Court we are at a loss to discover by what right they could except to the judgment against McBride.

He only could except to it. If it is excepted to, the exception must be regarded as his act; and his appearance for that purpose cured any defect in the notice. But if it is not to be regarded as his exception, then there is no exception; and it is doubtful whether we can look into the record.

However this may be, we have no hesitation in saying that the record presents nothing erroneous that we can take

cognizance of in the present aspect of the case. The law has been in all respects substantially complied with,—indeed the very letter of the statute has been pursued.

The affidavit lays a sufficient foundation for the publication, and the notice contains all the statutory requisites. The proof of publication is not before us, there being no bill of exceptions showing what it was. The Court below was satisfied with the proof that was made, and we cannot presume that it was insufficient, whether the petition stated facts sufficient to constitute a cause of action is not a question we can look into, until it be first presented to the Court below.

Judgment affirmed.

All the justices concurring.