ALLEN W. GREEN, v. PETER DUNN, *et al.*

*Error from Jackson County.*

1. TRIAL: SUFFICIENCY OF PETITION,—In a contested case, where a petition and answer have been filed, a trial had, and a judgment for the plaintiffs rendered, and the only objection to such petition is that it shows that the cause of action arose subsequently to the commencement of the suit; the question whether such petition states facts sufficient to constitute a cause of action, cannot for the first time be raised in the Supreme Court.

2. ID: AMENDED PETITION.—When the plaintiffs file an amended petition in an action, setting up a cause of action that accrued subsequently to the commencement of the suit, and the defendant answers thereto by filing a general denial, without raising any question as to whether said cause of action is a proper subject of litigation in said suit, and afterwards proceeds to trial upon the isssues made by said petition and answer, he thereby waives all right that he might otherwise have to object to such a petition.

3. ERROR: JUDGMENT.—A judgment for more than the petition shows the plaintiffs are entitled to recover, and for more than they pray for in their petition, is erroneous.

4. PLEADING OF INTEREST.—The plaintiffs are not entitled to recover interest unless they claim it in their petition.*

The opinion of the court contains a sufficient statement of the facts of the case :

*W. H. Dodge,* for plaintiff in error.

*Ross Burns* and *C. K. Gilchrist,* for defendant in error.

*For plaintiff in error,* it was insisted :

1.   The petition does not state facts sufficient to constitute a cause of action.   The only action permissible in the nature of things would be *assumpsit* for money paid, and of course this action cannot be maintained until the money is paid.   *Sedgw. Dam.,* 348 ; 1 *Wait,* 376 ; 5 *Bart.,* 398.

*MODIFICATION OF JUDGMENT.—It seems a judgment for interest, when none is claimed, will be modified by the Supreme Court.

The amended petition alleges payment made subsequent to obtaining judgment before the justice from which the appeal is taken. The cause of action must have existed at the time of the commencement of the action before the justice.

2. The action having been commenced by attachment, can make no difference. No judgment should have been rendered until the *right of action* accrued. Besides, section 530 of the code of civil procedure, enabling a surety to obtain an indemnity against the debt or liability, for which he is bound, before it is due, contemplates a suit in the nature of proceedings in chancery, and is inapplicable to proceedings before a justice. *Swan's Treatise*, 462, 463.

3. The courts have made a distinction between a bond which promises an indemnity against a *liability*, and those which merely promise indemnity for any loss or damage by reason of such liability. [1 *Wait's Pr.*, 123, 371; 1 *Comst.*, 550; 6 Hill, 334; 6 *Barb.*, 532; 6 *Cow.*, 515; 11 *Johns.*, 518; 2 *Wend.*, 481.] As between the principal and surety upon a promissory note, there is no agreement either express or implied, to indemnify against a *liability*, and the surety can claim no other rights than a mere surety as such, and this is an indemnity for any *loss* or *damage* which shall occur by *reason* of such liabil ity. 1 *Wait*, 376; 8 *Johns.*, 249; 5 *Barb.*, 398; 21 *id.*, 161; 11 *Johns.*, 518; 2 *Wend.*, 481.

"There are cases in which the surety may recover whenever he has incurred or been subjected to *liability*, if *the agreement is so made.*" [1 *Wait*, 376, *and authorities cited above*; *Sedgw. Dam.*, 347–8.] Any other doctrine would make the principal often liable to different parties upon two different judgments for the same debt.

4. The actions which authorize judgments against

the surety before the principal actually pays off and satisfies the indebtedness, are all upon bonds or agreements which expressly stipulate to hold the surety harmless, or free from *liability*. 1 *Wait*, 372; 3 *Denio*, 321; 1 *Comst.*, 550; 19 *Wend.*, 423; 8 *id.*, 452; 8 *Cow.* 1, 639.

5. A judgment being for a greater sum than damages demanded, is erroneous. 5 *Ohio*, 260.

*Burns & Gilchrist*, for defendant, submitted :

1. The record shows that the amended petition was filed in the district court in this case, April 29th, 1869, and the answer thereto was filed April 30th, 1869. The latter was a general denial. By answering to the merits all objections are waived, except that the court has no jurisdiction, and that the petition does not state facts sufficient to constitute a cause of action.

2. The record does not show that the plaintiff in error made his objections to the sufficiency of the petition in the court below. He cannot assign for error here that which was not passed upon by the court below. *Pope v. Dinsmore*, 8 *Abb.*, 429; *Cooley v. Wilkins*, 6 *Barb.*, 558; *McBride v. Hartwell*, 2 *Kas.*, 410; *Branner v. Weaver*, 1 *id.*, 488.

By answering to the merits the defendant below waived all objections, which go only in the abatement of the action. He must abide now by his answer. *Voorhies Code*, 74, *note C;* 1 *E. D. Smith*, 615, 412; 10 *How. Pr.*, 276; 17 *Barb.*, 141; 22 *id.*, 244; 5 *Sandf.*, 210; 6 *Barb.*, 449.

3. It is contended that because defendant in error began this suit against the plaintiff in error before the justice on the 15th of November, 1868, and did not pay off the payee of the note, Harrison, until the 21st of November, 1868, that the cause of action had not accrued to

the defendants in error, when this action was commenced before the justice.    There are three answers to this proposition, either of which is conclusive against it.

*a)*    This point was not made in the court below.

*b)*    Defendants in error paid off the execution to release their property from levy under it. ˙ The levy on their property was made before this suit commenced. The payment of money to release the levy, should be treated for the purposes of this action as a payment made at the time of the levy, for the execution was a lien on the property from the date of seizure, and the money paid by them became a substitute for ·the property so levied upon.

It has been universally held : that the levy of an execution upon the goods of the plaintiff, to satisfy the debt of defendant, is a satisfaction of the judgment, while the levy is in force, though no money. be paid on the judgment. 3 *Ohio*, 223 ;  5 *id.*, 170;  28 *Penn. St.*, 46 ;  4 *Mass.*, 402; 2 *Pick.*, 586;  6 *Wend.*, 562, 564;  11 *id.*, 125;  7 *Cowen*, 21;  8 *id.*, 192;  4 *id.*, 417;  4 *Johns. Ch.*, 228 ;  1 *Sandf. Ch.*, 195 ;  12 *Johns.*, 207.

*c)* The rule laid down in the case of Reedy v. Gift, *et al,* [2 *Kas.*, 400,] is in point:  at the time the amended petition was filed in the district court, viz:  April 29, 1869, the cause of action had accrued, the district court had original jurisdiction, concurrent, of the case.    The plaintiff in error by answering to the merits, waived service of summons, and the case stood just, as in Reedy's case,  as though he had been summoned and then answered.    And so far as the district court was concerned, it stood on the pleadings at the bar as an original case ; and if facts existed, which would in the judgment of counsel have· abated the action, they should have been plead, [2 *Kas.*, 400.]    By not pleading them, if any

such existed, they were waived [*Gen. Stat.*, 1868, *Civil Code*, § 544, *p* 736,] and the district court had a right to proceed with the case made by the pleadings in that court.   2 *Kas.*, 400.

4.   The fourth assignment of error is too general and will not be regarded by the court.   *Brown v. Rhodes*, 1 *Kas.*, 359–364 ;   *Nash's Pl.*, 682, *and cases there cited ; Gen. Stat.*, 1868, 736, § 544.

5.   The prayer is an immaterial part of the petition when there is an answer to it on the merits.   The court grants relief according to the facts proved, without regard to the form of the prayer in such case.   *Lewis v. Varnum, Swan's Pl. Pr.*, 231 ; *Marquat v. Marquat*, 2 *Kern.*, 341 ; *Emorg v. Pease*, 20 *N. Y.*, 62 ; 3 *E. D. Smith*, 690 ; *Gen. Stat.*, 1868, 641, § 50.

The court in its findings does not say how much defendants in error paid on the execution, to relieve their property from the levy.   [15 *Ohio St.*, 513–14 ; 6 *id.*, 186–188.]   Error must affirmatively appear on the record ; and the plaintiff in error should have asked a specific finding on this point to avail himself now.   *Lowrey v. Stuart, et al, Sup. Ct. Kas., Mss.*

This amount was a conclusion of fact, to be found by the court.   It does not appear that either party requested the court to find its conclusions of fact and law separately.   [*Gen. Stat.*, 1868, 684, § 290.]   The case was tried below on the theory that there was nothing due the plaintiffs, and so it is argued here.

The motion of the plaintiff in error for a new trial is general, no grounds therefor being specified.   If there had been any error in the findings of fact, the error should have been pointed out in the motion.   The alleged error in the assessment of damages is an afterthought, and it is attempted to engraft it on the record

here for the first time.   No such point was made in the court below.

*By the Court,* VALENTINE, J.

On the 19th day of October, A. D. 1868, Thomas Harrison obtained a judgment against the said Allen W. Green, Peter Dunn and James Brownlee, on a certain promissory note given by said Green as principal, and said Dunn and Brownlee as sureties; and on the 28th day of October, A. D. 1868, the property of the said Dunn and Brownlee was seized in execution to satisfy said judgment.

On the 15th day of November, A. D. 1868, said Dunn and Brownlee commenced an action before a justice of the peace against said Green for the amount of said judgment.

On the 21st day of November, A. D. 1868, the said Dunn and Brownlee paid said judgment and costs, amounting to $299.08.

In the justice's court judgment was rendered against Green and he appealed to the district court.

On the 29th day of April, A. D. 1869, Dunn and Brownlee filed in the district court, in said case, an amended petition, setting up among other things the fact that they had paid said judgment as aforesaid and praying for a judgment in their favor and against Green for $299.

On the 30th day of April, A. D. 1869, Green, without raising any question as to the plaintiff's right to file said amended petition—without raising any question as to their right to tender an issue founded upon facts that occurred subsequent to the commencement of the suits, answered to the merits by simply filing a general denial to said amended petition.

Upon the issues thus made by said amended petition and answer, the parties voluntarily proceeded to trial, and the court found in favor of the plaintiffs, and against the defendants; and on the 1st day of May, A. D. 1869, rendered judgment in favor of the plaintiffs, and against the defendant, for $312.28; and this judgment the defendant claims is erroneous, and he desires to have it reversed by this court.

The only exceptions to the rulings of the court below were: First, its conclusions of law upon its findings of fact. Second, its refusal to grant a new trial; but the ground for a new trial not being stated the latter exception is not relied on in this court; hence the whole case of the plaintiff in error in this court is founded upon the first exception.

The assignments of error are as follows:

1. The petition in the court below does not state facts sufficient to constitute a cause of action.

ERROR: Exceptions. There are two answers to this assignment: First, the question whether the petition states facts sufficient was not presented to the court below. [*McBride v. Hartwell*, 2 *Kas.*, 410; 1 *Kas.*, 488; 6 *Barb.*, 55, 8; 8 *Abb.*, 429.] Second, the amended petition upon which the parties proceeded to trial does state facts sufficient to constitute a cause of action.

2. The second assignment of error is that "The court erred in its conclusions of law arrived at from the facts found." Under this assignment the plaintiff in error claims, that it was error in the court below to render any judgment in this case against him; *first*, because no cause of action existed against him at the commencement of the action; and *second*, because no judgment could properly be rendered against him on a cause of action that arose subsequent to the commencement of the action.

We shall not discuss or decide the first prop-

<span style="font-variant:small-caps">Insufficiency of Petition: Waived.</span>   osition.   As to the second, we would say that the defendant below raised the question too late for it to avail him anything.· At the time the plaintiffs below filed their amended petition they had a good cause of action against the defendant below, and they stated it fully in their petition; and if the defendant below ever intended to object to litigating such cause of action, because it arose subsequent to the commencement of the suit, he should have done so before he answered to the merits.   He, however, made no' such objection.   He answered to the merits.

He denied that the said plaintiffs below had ever paid the judgment, that they claimed in·their petition to have. paid; and he chose to litigate the question then and there, and after taking his chances upon the merits of the question, after taking up the time of the court and incurring costs in litigating that question, and after having failed, he cannot then, for the first time, be allowed to raise the objection that the said question is not a proper subject of litigation in this suit. · He cannot be allowed to trifle with the court in that way.   When he fails to object at the proper time, it must be considered that he waives his objection.   The court, therefore, in this respect committed no error upon the issues presented to the court, and the facts found; the conclusions of law, and the judgment, were undoubtedly correct.

<span style="font-variant:small-caps">Judgment: Excessive.</span>   The third assignment of error is: " That the said judgment is excessive, and is not prayed for in said petition."   This is true.   The plaintiffs' petition shows that they were entitled to only $299.08, and they ask judgment for only $299.00, without claiming any interest, while the district court entered a judgment for $312.28.   This was error.   *Powell v. Horton*, 5 *O.*, 260.

INTEREST: Must be claimed.    If the plaintiffs had claimed interest, they would not have been entitled to a judgment for as much as the court allowed them. But they did not claim any interest, and hence they cannot recover any interest. *Gen. Stat.*, 647, § 87.

JUDGMENT MODified:    The judgment in this case will not be reversed for said error, but will be modified so as to give the plaintiffs judgment against the defendant for $299.00, and the costs of suit in the court below. [*Ed. Ass'n. v. Hitchcock*, 4 *Kas.*, 36.] The costs in this court will be equally divided between the plaintiff in error and the defendants in error. *Gen. Stat.*, 741, § 562.

ERROR; ASSIGNments of.    The fourth and last assignment of error is: that the judgment was given for the plaintiffs, when it should have been given for the defendant. Such a general and indefinite assignment of error can seldom be considered or regarded by this court. [*Brown v. Rhodes*, 1 *Kas.*, 359.] But in this case we can regard it far enough to say that under the pleadings and the findings of the court below, the judgment was undoubtedly for the proper persons and against proper persons, and therefore the court did not err.

This cause will be remanded, with the order that the judgment of the district court be modified so as to conform with this opinion.

All the justices concurring.