This suit was brought before a justice of the peace by Salmon as receiver, and afterward appealed to the court of common pleas. In his amended petition he avers, in substance, his appointment and qualifying as receiver in a certain action in said court, and his authorization to bring this suit; that by the order appointing him the defendants, to the action m which he was appointed, were directed to deliver to him possession of certain real estate, and he to take possession, rent the same and collect the rents; that prior to the date of his appointment the defendant, Barclay, had rented a part of said premises for a cash rental; that Barclay refused to surrender possession to him and, against his objection and protest, planted the same in corn and was about to remove the same; that he, Simon, is the owner of the corn and entitled to the immediate*possession thereof; that the defendants have wrongfully detained from him the possession of said corn to his damage in the sum of one hundred dollars, for which, and for the recovery of said corn, he prays judgment.
To this amended petition a general ^demurrer was filed and overruled.
February 6th, 1898, Barclay filed anjaffidavitjin which he says that he has good reason to believe andjdoes verily believe that the Honorable H. B. Maynard, one of the judges of said court of common pleas, has a bias for the plaintiff and a prejudice against the defendant1 to said cause, and is therefore disqualified to^preside^at the trial of *154 said cause, or to conduct, or hear, or determine any of the proceedings therein.
February 7th, 1898, the following proceedings were had, as appears from the transcript of the journal entries:
“This day came the plaintiff and his attorney, and thereupon it appearing to the court that the defendant John Barclay, heretofore filed herein his affidavit, assigning that Hon. H. B. Maynard, the presiding judge of this court, is disqualified from presiding at the trial of said cause, for the reasons stated in said affidavit, and the court, the said judge named in said affidavit presiding, being of the opinion that said affidavit is not sufficient, and that the alleged ground of disqualification does not exist, order that said trial proceed; to which said order of the court the said defendants and each of them except, and against the protest of said defendants, said trial proceeded, the said judge named in said affidavit presiding thereat, and the defendants refused to participate in said trial.”
A jury was impaneled and sworn and returned a verdict for the plaintiff; a motion for a new trial was filed in due time, assigning among other grounds,
“1. Because of irregularity in the proceedings of said court, in that the judge presiding at said trial assumed to proceed and conduct said pretended trial notwithstanding the disqualification of said judge so to proceed;’’ and
“6. Because all of the proceedings of said court and jury constituting said pretended trial were and are wholly illegal and a palpable invasion of the statutory rights of said defendants, ”
The motion for a new trial was overruled, judgment entered, and in due time a petition in error was filed in this coqrt assigning as error the overruling of the demurrer to the amended petition and the action of the judge in presiding at the trial. No bill of exceptions was taken.
Summees, J.
Several questions are presented: Srst, does the petition state a cause of action; second, is a bill of exceptions neces *155 sary to bring the affidavit before this court; and third, the sufficiency of the affidavit.
The averment of ownership in the amended petition is based upon the facts stated, for otherwise they are not pertinent, and they are not sufficient to constitute the receiver owner of the property sought to be replevied.
It does not appear that Barclay was a party to the suit in which the receiver was appointed, or that he took the lease Us pendens. It does appear that Barclay rented the land for cash prior to the appointment'of the receiver, and this precludes a presumption in support of the judgment that the entire crop was rent.
This conclusion requires a reversal of the judgment, and a3 the remaining questions are not likely to arise in the new trial, they wall might be left unanswered did not the statute require this court to pass upon all the errors as. signed.
Is a bill of exceptions necessary? In this state it seems to be well settled that affidavits filed in support of a motion cannot be considered by a reviewing court, even when copied into the record by the clerk, unless made part of the record by a bill of exceptions. Sleet v. Williams, 21 Ohio St., 82; Goldsmith v. The State, 30 Ohio St., 208; Schultz v. The State, 32 Ohio St., 276. But it is not necessary in order to bring the motion before the reviewing court, to include it in the bill of exceptions, although it is not required by section 5334, of the Revised Statues, to be made a part of the record. Section 550 of the Revised Statutes, authorizes the filing of an affidavit of the fact of the interest, bias or prejudice of the judge, not in support of some motion or application, but as an original paper in the case, and upon its being so filed and the fact noted upon the trial docket, whether true or not, it disqualifies the judge to act in that case, and if he does act, it is one of the original papers which may be filed with the petition in error to ex *156 hibit the error complained of, under section 6716, of the Revised Statutes.
This distinction is illustrated in the cases of Sleet v. Williams, 21 Ohio St., 82 and Garner v. White, 23 Ohio St., 192. In each case a motion was made to discharge the attachment because the affidavit, upon which the writ issued, was insufficient, and because it was untrue. Affidavits were filed in support of the motion, In neither case was there a bill of exceptions, and in each case the supreme court passed upon the sufficiency of the affidavits upon which the writ of attachment issued, and in each case refused to pass upon the questions sought to be made by the affidavits filed in support of or against the motions to discharge.
But it is contended that the statute does not authorize the filing of an affidavit except when all the judges in the subdivision are interested or biased. If this is so, then the mare filing of an affidavit of interest or bias, in the absence of a showing that all the judges'of the subdivision were interested or biased, would not bar the judge from sitting, but the fact would have to be proven, and a bill of exceptions would be necessary to bring the evidence into the record.
Brewer J., in City of Emporia v. Volmer, 12 Kas., 475, 478, says:
“The statute is silent as to the manner of establishing the fact. It declares simply that the change shall be made when the fact exists. The fact must exist. The court must find the fact to exist. If the judge’s personal knowledge is altogether ignored, it will often place him in a position of being compelled to find that to be a fact which he knows not to be a fact, — a fact, too, which carries with it something of an imputation upon himself. If it were to be determined by simply the affidavit of the defendant, there would be almost numberless changes of venue. Every defendant closely pressed would seek delay in this manner. A change of venue is a wrong to the public, unless the necessities of justice to the defendant require it. It works delay. *157 It causea expense. It endangers a prosecution. A defendant is easily persuaded of the prejudice of the judge. Adverse rulings convince him of the fact, as shown by the case of Burke v. Mayall, 10 Minn., 287, (Gill 226). It seems to us, therefore, that this is the true rule; that such facts and circumstances must be proved by affidavits, or other extrinsic testimony, as clearly show that there exists a prejudice on the part of the judge toward the defendant, and unless this prejudice thus clearly appears, a reviewing court will sustain an ovrruling of the application on the ground that the judge must have been personally conscious of the falsity or non-existence of the grounds alleged. It is not sufficient that a prima facie case only be shown — such a case as would require the sustaining of a challenge to a juror. It must be strong enough to overthrow the presumption in favor of the trial judge’s integrity, and of the clearness of his perceptions.”
But, as will appear from the interpretation given section 550 in the consideration of the remaining question, the provision for filing an affidavit is not limited to cases in which all of the judges of the subdivision are disqualified, •
It is contended that the affidavit is insufficient because it does not state the fact of bias, but merely that the affiant believes the judge has a bias; and further that it does not state any facts showing bias.
“An affidavit is a written declaration under oath made without notice to the opposite party.”
Revised Statutes, sec. 5262,
It is the fact of interest or bias, set forth in an affidavit by a party or his counsel, that disqualifies, and not his belief. In proceedings in attachment, sec. 5522, Revised Statutes provides that the clerk shall make an order of attachment when there is filed in his office an affidavit of the plaintiff showing, among other matters, the existence of any one of the grounds of attachment. In Coston v. Paige, 9 Ohio St., 397, it is decided that,
‘‘The ground for an attachment may be stated in the *158 affidavit in the language of the statute, without specifying more particularly the facts intended to be alleged’’.
And in the following cases, that such an affidavit is insufficient'when made merely on belief. Dunlevy & Co. v. Schartz, 17 Ohio St., 640; Garner v. White, 23 Ohio St., 192; Endel v. Leibrock, 33 Ohio St., 254. And as bearing on the question see, Campbell v. Hall & Co., 1 Kas., 488; Atchison v. Bartholow, 4 Kas., 124; Thompson v. Higginbotham, 18 Kas., 42.
At common law, and in this state until a very recent date, -only interest required a change of venue or disqualified a judge', and the facts upon which the interest arose had to be set out. Knaggs v. Conant, 2 Ohio 26; State ex rel. v. Winget, 37 Ohio St., 153.
The statute is very broad. The truth of the fact set out Is not subject to inquiry, at least not in that case, and to hold that a party or his counsel can disqualify a judge to sit whenever he can bring himself to believe that the judge h*as a prejudice against him or a bias for his adversary, by making merely such a recusation, might be to open wide the fioor to very grave abuse. One case has come before us at this term in which a party and his counsel had come from a distance to be present at a trial, and in which on the morning the case was set for trial such an affidavit was filed. No provision is made for notice or for costs in case of continuance or to guard against abuse.
It is further contended that the filing of an affidavit was unauthorized because it does not appear that all of the judges of the subdivision were disqualified. The law of 1860, (57 O. L,, 5) is not materially different from that of 1855, (53 O. L., 25), and was carried into the revision of 1880 as section 550, So much of it as is material to the question under consideration is as follows:
“In every instance where a judge of the court of common pleas is or shall be interested in the event of any *159 cause, proceeding, motion, or matter pending before the said court, in any county of his district, * * * on affidavit of either party to said cause, * * * or his counsel, showing the fact of such interest, it shall be the duty of the clerk of said court to enter upon the docket thereof, an order directing that the papers and all matters belonging to said cause” shall be transmitted to the clerk of the court of common pleas of an adjoining county)’ of another subdivision, where practicable,of the same district; where not,then toan adjoining county of another district.”
It will be noticed that the section, as it then was, provided for a change of venue in every case where the fact of the interest of the judge is shown by the affidavit of 3ither party or his counsel. In 1885, (82 O. L,, 24.) the section was amended to read:
“When a judge of the common pleas court is interested in any cause or matter pending before the court in any county of his district, or is related to either or any party to such causes or is otherwise disqualified to sit in such a cause or matter, and there is no other judge in the same-subdivision who is not disqualified, on affidavit of either party to such cause, or matter, or his counsel, showing”;, etc.
Here is the first material change in the law. It will be noticed that not only does interest in a cause disqualify a judge to sit, but also relationship or any other disqualification that is shown by affidavit of a party. Another important change is that the venue is not to be changed in every instance an affidavit is filed, but only when no other judge in the same subdivision is not so disqualified. The clause ‘‘and there is no other judge in the same subdivision who is not so disqualified,” was not intended as a limitation of the cases in which an affidavit is authorized, but of the cases in which the venue is to be changed. Prior to this amendment every case, in which it was shown by affidavit that the judge had an interest, was to be taken out of his jurisdiction; by the amendment he is, by implication at *160 least, disqualified to sit not only in cases in which he is shown by affidavit to have an interest, but in every case in which his interest, relationship or other disqualification is shown by affidavit of a party or his counsel, and some other judge of the subdivision, who is not so disqualified, is to sit, or, if there is none, the case is to be sent to another county. A mere transposition of the clause so that it will immediately precede the clause prescribing the duty of the clerk will make plain the legislative intent.
This fault in the frame work of the section has been, as we shall see, carried in the amendments into the section in its present form.
Another source of confusion is that the section does not in express terms, as does the section in relation to judges of the circuit court, disqualify the judge, but does so only by necessary implication. The reason is that originally the statute in every case provided for a change of venue,so that it was not necessary to declare the judge disqualified, and, instead of redrafting the section and in express terms disqualifying the judge, the section has been from time to time amended until now it in no instance provides for a change of venue, but only for a judge who is not disqualified.
The section was again amended in 1887 (84 O. L., 129), so that interest in the event of the cause was the only ground of disqualification. In 1888, (85 O. L., 267), the section as it was in 1885, was restored verbatim et literatim. In 1889, (86 O. L., 363), the section was again amended and as so amended, is still in force. It is as follows:
“Section 550. When a judge of.the common pleas court is interested in any cause or matter pending before the court in any county of his district, or is related to, or has a bias or prejudice either for or against, either or any party to such cause, or is otherwise disqualified to sit in such cause or matter, and there is no other judge in the same subdivision who is not so disqualified, on the filing of an affidavit *161 of either or any party to such cause or matter, or of his or her counsel, setting forth the fact of such interest, bias or prejudice or disqualification, the clerk of the court shall enter the fact of the filing of such affidavit on the trial docket in such case, and forthwith notify the supervising judge or if he be disqualified as aforesaid, a judge of some other subdivision who is qualified, of the district, who shall proceed in the same manner as provided in section 469, of the Revised Statutes of Ohio, to designate and assign some other judge of the district not so as aforesaid disqualified, to hold the court and try the cause where the same is pending; and it shall thereupon be the duty of the judge so assigned, to proceed and try such cause,”
Previous to this amendment the section provided that on affidavit showing the fact of interest the clerk should act. Whether or not it was then necessary to state the facts which showed the fact of interest it is not necessary to consider, for now it is sufficient to file an affidavit setting forth the fact of such interest, bias, etc.; that is, aver such interest, bias, etc. And when such an affidavit is filed the duties of the clerk are ministerial, and not judicial, see State v. Shaw, 43 Ohio St., 324, and he should enter the fact of the filing on the trial docket, and thereupon the judge is disqualified to sit in such cause or matter, and if there is no other judge in the same subdivision who is not so disqualified, the clerk should forthwith notify the supervising judge, or, if he be so disqualified, a judge of some other subdivision of the district who is qualified,
The affidavit not setting forth the/api of bias or prejudice, but merely the defendant’s belief of such fact, was insufficient to disqualify the judge, and there was no error in his sitting in the trial of the case. But the judgment must be reversed for error in overruling the demurrer to the amended petition, and said demurrer is sustained and the *162 cause remanded to the court of common pleas for such further proceedings as may be authorized by law,
John Logan, for Plaintiff in Error.
Humphrey Jones, for Defendant in Error.