N. B. Easton, *Probate Judge,* v. Henry Broadwell.

(Filed Aug. 24, 1899.)

Appeal—*Final Order—Error.* An order made by the district court during the trial of a cause, for the substitution of a cost bond alleged to have been lost, is not a final order, does not involve the merits of the action, and is not an order upon which error can be assigned to this court.

(Syllabus by the Court.)

*Error from the Probate Court of Payne County; before R. J. Basil, Probate Judge.*

*King & Hutto,* for plaintiff in error.

*Williams & Hale,* for defendant in error.

Application of N. B. Easton, probate judge of Payne county, for restoring to the records and proceedings of that court a cost bond, under chapter 42 of Session Laws of 1895, entitled "Restoration of Court Records," the bond being entered in an action of Henry Broadwell against N. B. Easton. Dismissed.

### STATEMENT OF THE CASE.

On the 9th day of September, 1896, the defendant in error, Broadwell, commenced an action in replevin in the probate court of Payne county, for the recovery of certain personal property from the plaintiff in error, Easton. The plaintiff in error appeared specially, and moved the court to quash the summons and writ, for the reason that no cost bond had been filed, as was required by law. The motion was overruled, issues joined, a trial by jury had, and a verdict returned in favor of Broadwell, and judgment rendered thereon. From this judgment Easton appealed to the district court, and there renewed his motion to quash the summons, for the reason that no cost bond had been filed, and that the court had no jurisdiction. The cause now stands in the district court pending upon that motion. Thereupon Broadwell applied to the district court for a rule upon the probate court to perfect his transcript by showing that a cost bond had been filed as by law required. The district court made the rule to the probate court, and the probate judge having thereupon made a search for the cost bond, and being unable to find it, Broadwell made an application to the probate court on October 1, 1897, averring that on the 23d day of March, 1897, the case was appealed to the district court; that no cost bond accompanied the transcript to the district court; that the record, files, and papers of

the probate court had been thoroughly searched; that the original bond could not be found; that it had been lost without the fault, negligence, or connivance of the plaintiff; that it was necessary that a substitution of the bond be made in the probate court before the plaintiff could proceed in the court above; and that the plaintiff would suffer great damage if this was not done. The court was moved to make an order adjudging that a copy of the said original cost bond, which was furnished therewith and attached to the application, was true and correct copy of the original bond presented and approved, and that it had been filed on the 9th day of September,. 1897, and that the record be made to show the fact in regard to the filing and approval of said bond. The said application was resisted by motion and demurrer, which were overruled, and answer filed, and, upon the issues joined, the case was heard upon affidavits, and an order of the proboate court was finally made, sustaining the application of the plaintiff, defendant in error here, and an order was made substituting the said bond; and from this ruling of the court Easton brings the case here for review.

Opinion of the court by

McAtee, J.: If the plaintiff in error is entitled to be heard here, it is because of the provision in section 4436, Statues of 1893, that this court "may reverse, vacate or modify any of the following orders of the district court, or a judge thereof: First, a final order. Second, an order that grants or refuses a continuance; discharges,. vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or

refuses a new trial; or that confirms, or refuses to confirm, the report of a referee; or that sustains or overrules a demurrer. Third, an order that involves the merits of an action, or some part thereof." The order complained of is not a final order, nor one concerning a continuance; nor does it discharge or otherwise affect any provisional remedy or injunction; nor are the merits of the action, or any part thereof, in any way involved. The order made by the court in this case was a mere interlocutory order, and left the rights of the parties upon the merits of the action entirely unadjudicated. It should not have been brought here until the case was finally determined upon the merits. (*McCallum v. Lambie,* 145 Mass. 236, 13 N. E. 899.)

There is no appeal from an order like that which was made in the court below, unless specifically provided by the statute. (*Brown v. Rice,* 30 Neb. 236, 46 N. W. 489; *Duff v. Duff,* 71 Cal. 513, 12 Pac. 570; *Fleitas v. Richardson,* 147 U. S. 538, 13 Sup. Ct. 429.)

The appeal will therefore be dismissed

All of the Justices concurring.