G. H. BUXTON v. ALTON-DAWSON MERCANTILE COMPANY

(Filed February 13, 1907.)

1. **APPEAL MUST BE TAKEN WITHIN ONE YEAR, WHEN.** To authorize the supreme court to review an order of the trial court overruling a motion to quash summons for the reason that the defendant had been enticed into the county in order that summons might be served upon him, an appeal must be taken to the supreme court within one year from the date of the order overruling such motion.

2. **MOTION FOR NEW TRIAL—What Questions Saved By, On Appeal.** Where a petition in error is filed in the supreme court within one year from the date of overruling the motion for a new trial

Buxton v. Alton-Dawson Mer. Co.

but not within one year from the date of overruling the motion to quash summons, the proceeding is in time for a review of all the rulings of the court below during the trial and excepted to at the time which was covered in the motion for new trial, but it is not in time to review any questions arising upon the motion to quash summons, as such motion is not a part of the trial, and therefore is not involved in or preserved in the motion for a new trial.

3. MOTION FOR NEW TRIAL—Not Necessary, When. Upon the overruling of a motion to quash summons, the defendant may rest upon such motion and have the order reviewed, without filing any motion for a new trial.

4. OFFICE OF A MOTION FOR NEW TRIAL. The office of a motion for a new trial is simply to bring to the attention of the court the matter complained of, occurring at the trial, and to preserve such matters in the record for presentation to the supreme court. Questions arising upon motions and demurrers prior to the trial are preserved by a simple exception. They are not a part of the trial, properly speaking, and no motion for a new trial is necessary in order that they may be preserved in the record. Being unnecessary, no motion can extend the application of the statute of limitations when the ruling of the court is sought to be reviewed by the supreme court.

5. EVIDENCE—Not Competent When. Where certain notes are turned over to the creditors as collateral to secure an indebtedness, and there is a written contract conditional that the notes are to be returned upon settlement of the account, it is not error for the court to refuse to allow evidence of an alleged parol agreement that the notes at maturity were to be returned to the debtor for collection, where evidence was offered for the purpose of avoiding the expense of collection of the notes. To allow such evidence to go to the jury would in effect be allowing the defendant to vary the terms of the written contract.

6. EVIDENCE—Incompetent. Where it is not shown that a party is acquainted with or has any knowledge whatever of the chattel mortgage records or of any records of the register of deeds' office, except that he has inspected the records, and such person is not the register of deeds of such office, or any deputy thereof, it is not error for the court to refuse to allow such party to testify that a certain mortgage is not recorded.

7. DAMAGES. Where the indebtedness secured by a chattel mortgage was also secured by a real estate mortgage, and where no evidence is offered showing that the maker of the note was insolvent or that there was any negligence on the part of the person who held the said note as collateral which was secured by such mortgage, or that there was any negligence on the part of the person holding the note to make the collection, or that the real

estate security was not sufficient to insure the collection: **Held:** that the person holding the note as collateral can not be made to respond in damages for a failure to have the chattel mortgages recorded.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Charles West* and *Winfield Scott,* for plaintiff in error

*Robberts & Curran* and *Guy S. Manatt,* for defendant in error.

## STATEMENT OF FACTS.

This action was commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover the sum of $328.26, on an open account for merchandise sold and delivered by the plaintiff to the defendant. The first appearance of the defendant was by motion to quash summons. Said motion is headed as follows:

"Comes now the defendant herein and objects to the jurisdiction of the court over the person of the defendant, for the reasons, to wit:"

The reasons stated are two. The first is that the defendant is a non-resident of Garfield county. The second is that at the time of the service of summons upon him, he was in Garfield county in response to an invitation from the plaintiff's agents to meet him at Enid, at which time the plaintiff, through its agents, held out to the defendant that their differences could and would be settled on terms that would be reasonable and on terms different from those now claimed by the plaintiff, if the defendant would meet the plaintiff; that the representations so made by the plaintiff

to induce the defendant to go to Enid were made for the sole and only purpose of inveigling and enticing the defendant into said county that the plaintiff might get service upon him. The motion is signed "G. H. Buxton, by Wm. A. Woolman, his attorney." This motion was presented upon affidavits and overruled on the 2nd day of June, 1904. Afterwards, on the 24th day of June, 1904, the defendant filed his answer and cross-petition.

Thereafter, the case was tried to a jury which rendered a verdict against the defendant in the sum of $300. Motion for a new trial was made and overruled, and, on December 11th, 1905, the defendant below filed his petition in error in this court.

Opinion of the court by

PANCOAST, J.: Three assignments of eror are argued in the brief, the first being that arising upon the motion to quash summons, and, in answer to this proposition the defendant in error contends that the question cannot be reviewed by this court, for the reason that the appeal was not taken within one year from the time of the rendition of judgment by the court below upon the motion. The record shows that more than one year elapsed between the time that the court overruled the motion and the perfecting of the appeal in this court, although less than one year had elapsed between the time of the overruling of a motion for a new trial and the perfecting of the appeal in this court. The plaintiff in error, therefore, contends that the ruling upon the motion for new trial preserved the question in the record, and that the question is one which is not barred by the statute of limitation of one year.

The presentation of this question in this form requires an investigation as to what ruling, orders or judgments are involved in and preserved by the motion for a new trial and the order of the court overruling the same. Numerous cases have been decided by the supreme court of the state of Kansas, but none covering this particular class of motions. In the case of *Blackwood v. Shaffer,* (24 Pac. 424), the supreme court of Kansas says:

"When a case is brought to the supreme court for the purpose of having any judgment or order of the court below reviewed, everything necessarily involved in such judgment or order is reviewable in the supreme court; but the order of the court below in this case, sustaining the demurrer to the third paragraph of the defendant's answer, is not involved in any order, or in any judgment of the court below upon the trial, and hence it is not reviewable upon this principle. If the demurrer had been overruled, a different rule would apply. Also, if the trial of the case upon its merits had been had in a short time after the ruling on the demurrer so, that the entire case, the ruling on the demurrer and all could have been brought to this court within less than one year after the sustaining of the demurrer, and if the entire case had been so brought to this court within less than one year after the sustaining of the demurrer, then we could determine whether the order sustaining the demurrer was erroneous or not."

In the case of *Doorley v. Buford & George Manufacturing Company,* 5 Okla. 594, the court had under consideration the legal principles involved here. In that case, however, one of the parties had made a motion for judgment on the pleadings and judgment had been entered thereon. Motion for a new trial was filed and overruled, and the appeal was

perfected within one year from the date of the overruling of the motion for a new trial, but not within one year from the date of the rendition of judgment upon the motion for judgment on the pleadings. Several cases are cited by the court, among which is the case of *Bates v. Lyman,* 12 Pac. 33, in which the supreme court of Kansas say:

"Where a petition in error is filed in the supreme court within one year after the making of an order overruling a motion for a new trial, the proceeding is in·time for a review of all the rulings of the court made during the trial, and excepted to at the time, which are referred to in such motion."

It will be noticed here that the language of the court covers only the rulings made at the trial, and none other, and, in commenting upon the language, our court said:

"It is not contemplated by the code that rulings made by the court upon motions or demurrers preceding the trial should be again brought to the attention of the court by a motion for a new trial, and none of the grounds of such motion embrace any such questions, and it cannot therefore be said that the questions which were passed upon on the motion for judgment on the pleadings were necessarily involved in the motion for a new trial. A motion for a new trial is not for the purpose of presenting to the court again questions which are saved without such a motion, and which constitute no part of such motion under the code. A motion for a new trial is not necessary in order that such a question as that presented here may be reviewed in the supreme court, and if it is not, then manifestly a party cannot have his time for presenting such a question for review in the supreme court extended by filing an entirely useless motion."

Now, as before stated, the motion under consideration in the case just quoted from was a motion for judgment on the pleadings, while this is a motion to quash summons.   What, if any, difference is there between the two, as affects the question under consideration? Was it necessary, in order to preserve the question here under consideration, to present any motion for a new trial, or was the question sufficiently preserved in the record without such motion?    We think it was.   The plaintiff in error might have rested upon the motion and appealed directly therefrom to the supreme court without any motion for a new trial.   The fact that he did not avail himself of this right does not change the situation nor require that he should afterwards preserve the question in his motion for a new trial.   The office of a motion for a new trial is simply to bring to the attention of the  court the matters complained of occurring on the trial and to preserve such matters in the record for presentation to the supreme court.   Questions arising upon motions and demurrers are preserved by a simple exception.   They are not a part of the trial, properly speaking.   No motion for a new trial is necessary in order that they may be preserved in the record, and being unnecessary, no motion can extend the application of the statute of limitations when the ruling of the trial court is sought to be reviewed by the supreme court.

Counsel for plaintiff in error insist that all of the cases cited by counsel for defendant in error refer to rulings upon demurrers, and that a different principle applies where the ruling is upon a demurrer than when the ruling, as in this case, is upon a motion.   The supreme court of Kansas, how-

ever, does not make any such distinction, nor can such distinction be made by any fair construction of the statute under consideration.

Again, in the case of *Mechanics Savings Bank v. Harding*, 70 Pac. 656, the supreme court of Kansas say:

"It will be observed that the overruling or sustaining of a demurrer to a pleading is not mentioned in section 295 of the code of civil procedure, neither is it included in the meaning of the eighth sub-division of the section as an error of law occurring at the trial. Pleading is not strictly a part of the trial. The trial does not commence until an issue of fact is joined * * * * The alleged error in overruling the demurrer to the petition was not an error of law occurring at the trial, and cannot, for this reason, be reviewed by this court."

Applying the principles here laid down to this case, we find that the overruling or sustaining of a motion to quash summons is not mentioned in section 4493 of the code of civil procedure; neither is it included in the eighth sub-division as an error of law occurring at the trial. If a pleading is not strictly a part of the trial, then certainly a motion which precedes a pleading cannot be held to be a part of the trial. If the trial does not commence until after an issue of fact is joined, then certainly it cannot be held to commence upon the filing of a motion to quash summons, which precedes any pleading or even a demurrer. We are therefore, forced to this conclusion: That the position taken by the defendant in eror must be sustained, and that the question here presented upon the overruling of the motion to quash summons cannot be considered by the court, for

the reason that the appeal was not perfected within one year from the time of the ruling upon said motion.

The next error contended for is the refusal of the court to allow defendant Buxton to show that there was a verbal agreement to the effect that when said notes became due, they were to be forwarded to Buxton, as the agent of the Alton-Dawson Mercantile Company, to be by him collected and the proceeds remitted. This was refused on the theory that it would be allowing the defendant below to vary the terms of a written contract between the parties. This written contract, as disclosed upon page 88 of the record, has this provision: "These notes to be returned on settlement of account." The contract also shows that these notes were turned over to the Alton-Dawson Mercantile Company as collateral security for Buxton's indebtedness, and this provision shows by its terms that they were to be returned upon settlement of the account. It is claimed by counsel, however, that, inasmuch as the contract does not provide for the manner in which the collateral was to be collected, the written agreement, is, therefore, silent, and, being silent, parol testimony was admissible.

There is nothing in the written agreement that indicates that it was not intended to cover all the provisions of the contract, nor is there anything contained therein which indicates that there was any outside oral agreement. The time, place and manner of performing the written contract are specified therein; that is, that the collateral was to be returned on settlement of the account. So far as the contract itself is concerned, this would be the conditions of per-

formance, and manifestly, under such conditions, parol evidence was inadmissible to vary its terms. By application of law to such contracts, it became the duty of the Alton-Dawson Mercantile Company to use ·reasonable diligence in the collection of the notes as they became due, and, as a matter of course, it would be allowed its reasonable expenses in making such collection. If the oral agreement was as contended for by counsel, that the notes were to be returned to Buxton for the purpose of collection before the account was settled, then certainly the writing did not state the terms of the agreement at all.

The next alleged error is in connection with a chattel mortgage which it is claimed was to have been recorded by the Alton-Dawson Mercantile Company, and which was not recorded and became lost. The company, however, claimed that it had never received this mortgage. Buxton offered to show that he had examined the records and knew from such inspection that it was not recorded. This evidence was objected to and the objection sustained. No attempt was made to show that Buxton was acquainted with or had any knowledge whatever of the chattel mortgage record or any record of the register of deeds' office. He was, therefore, not shown to be competent to testify upon that subject, and no attempt was made to show his competency. Therefore, the ruling of the court was correct.

It is also claimed in this connection by Buxton that he suffered loss by reason of the failure to file the chattel mortgage. The indebtedness covered by the chattel mortgage was also secured by a real estate mortgage, and, as claimed by

Buxton, he purchased the real estate in order to save himself from loss. There was no evidence offered showing that the maker of the notes was not perfectly good without mortgage or security, or that the maker was insolvent, or that there was any negligence on the part of the company in attempting to make the collection, or that the real estate security was not sufficient security. Before any evidence of the character offered could become competent, it would be necessary for Buxton to show the notes to be uncollectible without resorting to the security of the chattel mortgage, and, for this reason, the court very properly declined to allow the testimony to be introduced.

This covers all of the errors contended for, and, there being no error disclosed by the court, the judgment of the court below is affirmed.

Burwell, J. and Garber, J., dissenting; all the other Justices concurring.