**FARMERS' BANK & T. CO. v. SHEFFLER.**

No. 8523—Opinion Filed Nov. 12, 1909.

(Syllabus by the Court.)

1. **Descent and Distribution—Final Order— Right to Sue for Share.**

Section 6464, Rev. Laws 1910, provides that in the final order or decree of distribution "the court must name the persons and the proportions or parts to which each shall be entitled; and such persons may demand, sue for and

recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal.

### 2. Same—Action for Money Misappropriated—Petition.

The petition of the plaintiff alleged and the evidence taken at the trial disclosed substantially the following statement of facts: On the 25th day of December, 1913, Susan E. Griffith died intestate, leaving as her sole heir Cora L. Sheffler, the plaintiff herein. Thereafter, J. P. Sheffler, the husband of the plaintiff, was duly appointed as administrator of the estate of the decedent. In pursuance of this appointment the administrator collected various sums of money belonging to the estate and deposited the same with the defendant bank. In due time the administrator's final report was approved and the administrator discharged by the court having jurisdiction, whereupon all of the property of the estate was turned over to the plaintiff, as sole heir, with the exception of the money involved herein, to wit, the sum of $700. Among the property thus turned over was the administrator's deposit book with the defendant bank. Upon presenting the bank book to the defendant bank for the purpose of having the same balanced, the plaintiff discovered among the cancelled checks the personal note of J. P. Sheffler for $700, marked paid, with a debit slip attached thereto, in lieu of a check, showing that the note had been paid out of the funds of the estate. This was the first knowledge the plaintiff had that the note had been paid out of the funds of the estate, and immediately upon the refusal of the bank to refund the money to her, this action followed for its recovery. Held, that the petition alleged and the evidence established facts sufficient to constitute a cause of action against the defendant.

### 3. Executors and Administrators—Discovery of Assets—Proceedings.

The purpose of the proceedings provided for by sections 6325-6327, Rev. Laws 1910, is to make discovery and compel production of the property of an estate, suspected of having been concealed, embezzled, or conveyed away, but it cannot be employed to enforce the payment of a debt or liability for the conversion of property of an estate, or to try controverted questions of the right to property as between the representative of the estate and others.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by Cora L. Sheffler against Farmers Bank & Trust Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. B. Holtzendorff and P. W. Holtzendorff, for plaintiff in error.

H. H. Brown and Frank Ertell, for defendant in error.

KANE, J. This was an action for the recovery of money, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court. Upon trial to the court there was judgment in favor of the plaintiff, to reverse which this proceeding in error was commenced.

The petition of the plaintiff alleged and the evidence taken at the trial disclosed substantially the following statement of facts:

On the 25th day of December, 1913, Susan E. Griffith died intestate, leaving as her sole heir Cora L. Sheffler, the plaintiff herein. Thereafter, J. P. Sheffler, the husband of the plaintiff, was duly appointed as administrator of the estate of the decedent. In pursuance of this appointment the administrator collected various sums of money belonging to the estate and deposited the same with the defendant bank. In due time the administrator's final report was approved and the administrator discharged by the court having jurisdiction, whereupon all of the property of the estate was turned over to the plaintiff, as sole heir, with the exception of the money involved herein, to wit, the sum of $700. Among the property thus turned over was the administrator's deposit book with the defendant bank. Upon presenting the bank book to the defendant bank for the purpose of having the same balanced, the plaintiff discovered among the cancelled checks the personal note of J. P. Sheffler for $700, marked paid, with a debit slip attached thereto, in lieu of a check, showing that the note had been paid out of the funds of the estate. This was the first knowledge the plaintiff had that the note had been paid out of the funds of the estate, and immediately upon the refusal of the bank to refund the money to her, this action followed for its recovery, with the result hereinbefore stated.

Counsel for the defendant present their grounds for reversal under five sub-heads as follows:

1. The petition of plaintiff does not state facts sufficient to constitute a cause of action in her favor and against the defendant.

2. The court erred in overruling and denying the demurrer to the evidence interposed by the defendant at the close of plaintiff's evidence.

3. The court erred in admitting certain

irrelevant, incompetent and immaterial testimony over the objections and exceptions of the defendant.

4. The court erred in excluding certain relevant, material and competent testimony from the evidence offered by the defendant.

5. The court erred in overruling and denying the motion of the defendant for a new trial.

In support of their first contention counsel, after calling attention to section 4737, Rev. Laws 1910, which provides, in effect, that the plaintiff shall state in his petition the facts constituting his cause of action in ordinary and concise language without repetition, say:

"The plaintiff does not state, in the language required by the statute, facts which would show any property right in her as against the defendant, but on the contrary shows that any cause of action which might exist against the defendant would be in favor of the administrator of said estate."

We think this contention is fully answered by section 6464, Rev. Laws 1910, which provides that:

"In the order or decree of final distribution, the court must name the persons and the proportions or parts to which each shall be entitled; and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal."

It seems quite clear to us that upon the discovery by the plaintiff of the wrongful conversion of her property by the bank, whether with or without the consent of the administrator, she was entitled to sue, under this statute, either the bank or the administrator, or both of them jointly, for its recovery.

It was also contended under this sub-head that the judgment and decree of the county court in the administration proceedings were "res judicata." This contention is based upon the following facts:

After Sheffler, the administrator, was discharged he obtained an order vacating the decree of distribution and caused a citation to be issued commanding the defendant to appear and show cause why he should not account for the $700.00 in question. Upon hearing of this citation the county court summarily discharged the administrator, confirmed the former decree of distribution, and in connection therewith entered the following order:

"It is further ordered and decreed that the Farmers' Bank & Trust Company, a corporation, and J. F. Flippin, its cashier, be, and they are hereby discharged and released from any and all further liability or responsibility in connection with the estate of Susan E. Griffith, deceased, or from any money, property or funds heretofore placed in their custody or control or in the custody or control of either of them, in so far as the present citation and proceedings are concerned."

This decree does not purport to be a final judgment. The defendant is merely relieved from liability "in so far as the present citation and proceedings are concerned." Moreover, as we have seen, the property was vested in the plaintiff by the final decree of distribution, which was never legally vacated, and the courts of other states having similar or identical statutes to the statute under which the defendant was cited to appear before the probate court, hold that such statutes, being purely remedial, do not confer authority upon the court to render judgments upon disputed claims. Sections 3002-3006, General Statutes of Kansas, 1901, are substantially the same as our statute, sections 6325, 6326, 6327, Rev. Laws 1910, on the same subject. In Humbarger v. Humbarger, 72 Kan. 412, 83 Pac. 1095, the court held:

"The purpose of the proceeding is to make discovery and compel production of the property of an estate suspected of having been concealed, embezzled, or conveyed away, but it cannot be employed to enforce the payment of a debt of liability for the conversion of property of an estate, or to try controverted questions of the right to property as between the representative of the estate and others."

Numerous authorities to the same effect from other jurisdictions are collected by the annotator in a note to this case, as reported in 115 American State Reports, 204.

What we have said on the first proposition seems to us to be also decisive of the second. The facts were alleged, and established, substantially as hereinbefore stated, and in our judgment the facts alleged in the petition state and the evidence establishes a clear cause of action against the bank and in favor of the plaintiff. The defenses interposed seem to us to be extremely technical and wholly without merit. The bank, whether with or without the consent of the administrator is immaterial, deliberately misappropriated money belonging to the estate, and refused to restore it to the person entitled to it upon the final discharge of the administrator. This presents a situation somewhat analogous to the case of

Weems v. Melton, 47 Okla. 706, wherein it was held that:

"Whenever one person commits an unlawful act or an act of misfeasance and positive aggressive wrong against another with the intention of benefiting his own estate, the law will, at the election of the party injured, imply or presume a contract on the part of the wrongdoer to pay to the party injured the full value of all benefits resulting from such wrongful act, and such liability cannot be avoided upon the ground that the wrongdoer was the agent of another."

In this view of the case the other assignments of error become immaterial.

For the reasons stated, the judgment of the court below is affirmed.

OWEN, C. J., and JOHNSON, HIGGINS, and BAILEY, JJ., concur.