## SPAULDING *et al.* v. POLLEY.

No. 816.    Opinion Filed May 9, 1911.

1.    PROCESS—Service by Publication—Sufficiency of Affidavit. Where it is stated in an affidavit to obtain service by publication that the defendants are non-residents and reside out of the territory of Oklahoma, and that plaintiff is unable with due diligence to make service of summons upon said defendants, though otherwise sufficient, it is defective on direct attack, in that it does not state that service cannot be had upon said defendants within the state. (Following **Ballew v. Young** et al., 24 Okla. 182, 103 Pac. 627.)

2.    APPEAL AND ERROR—Time for Perfecting Appeal—Review of Action on Motions. A motion to quash the service by publication being overruled by the trial court, the defendant having appeared specially for the purpose of making such motion, and saving its exceptions to such action of the court, thereafter answered and the cause was tried and final judgment rendered. More than one year after the ruling on the motion to quash, but within a year from the time the motion for a new trial was overruled, the proceeding in error was commenced in this court. **Held:** That the action of the trial court in overruling the motion to quash was reviewable in such proceeding in error.

(Syllabus by the Court.)

Kane, J., dissents.

*Error from District Court, Kingfisher County; A. H. Huston, Judge.*

Action by Jay A. Polley against Mrs. F. E. Spaulding and D. H. Mills. Judgment for plaintiff and defendants bring error. Reversed and remanded.

*Warren K. Snyder* (*Harry White*, on the brief), for plaintiffs in error.

*W. W. Noffsinger* and *M. W. Hinch,* for defendant in error.

WILLIAMS, J.    This action was to quiet title and remove cloud therefrom. The plaintiffs in error as defendants were brought in the court on service by publication. The affidavit therefor is made by one of the attorneys for said plaintiff, without setting forth therein the reason why it is not made by the party

himself, or that the facts were within the personal knowledge of such attorney, or that such party was not a resident of or absent from the county. The affidavit recites:

"This is an action brought by the plaintiff to determine his right and interest in and to the following described real estate, to wit, * * * situated in Kingfisher county, Oklahoma, and to quiet title to same in this plaintiff aforesaid; that the defendants, * .* * Mrs. F. E. Spaulding and D. H. Mills, are nonresidents and reside out of the territory of Oklahoma and plaintiff is unable to with due diligence to make service of summons upon said plaintiffs."

It is insisted that the attorney for the plaintiff was unauthorized to make the affidavit for service by publication without bringing himself within the terms of section 5654 (sec. 3992, Stat. O. T. 1893), Comp. Laws of Oklahoma, 1909. But this section seems to refer only to pleadings filed under chapter 87 of the Compiled Laws of Oklahoma, 1909, and not to be a limitation upon section 5613 (sec. 3951, Stat. O. T. 1893), Comp. Laws of Oklahoma, 1909. *Gillespie v. Thomas,* 23 Kan. 138; *Rowe v. Palmer,* 29 Kan. 337; *McBride v. Hartwell,* 2 Kan. 410.

Is said affidavit defective in that it fails to state the facts showing due diligence, or is the recital that plaintiff is unable with due diligence to make service of summons upon said defendants sufficient? In *Ballew v. Young et al.,* 24 Okla. 182, 103 Pac. 623, the affidavit recited that all of the defendants were nonresidents of the territory of Oklahoma, and service could not be had upon them, or either of them, *within said territory,* although due diligence had been made. The affidavit in question does not state that service cannot be had upon the defendants *within the state.* It may be that service could not be had upon said defendants within the county, although due diligence to that extent had been exercised. This is not a collateral but a direct attack upon this affidavit. In the Ballew case it was held:

"Where it is stated, in an affidavit to obtain service by publication, that a defendant is a nonresident of the state, and service cannot be had upon him within the state, and such affidavit is

otherwise sufficient, it is not void or voidable because facts are not stated therein showing that plaintiff, by the use of due diligence, was unable to make service of summons upon the defendant."

The affidavit in this case does not come up to the rule laid down in *Ballew v. Young et al., supra,* or that in *Washburn v. Buchanan,* 52 Kan. 417. On a motion to quash the service by publication, it being a direct attack, every intendment is to be resolved against the affiant. 32 Cyc. 474. The motion should have been sustained.

It is insisted that said defendants entered an appearance and waived said defect, but the record shows that the defendants appeared specially for the purpose of moving to quash the service by publication, and not until said motion was overruled and exceptions saved was any demurrer or answer filed. *Chicago Building & Manufacturing Co. v. Pewthers,* 10 Okla. 724; *St. Louis & S. F. R. Co. v. Clark,* 17 Okla. 562; *Morris v. Graham,* 51 Fed. 54; *Harkness v. Hyde,* 98 U. S. 476; *Eddy v. Lafayette,* 49 Fed. 807.

The question is raised as to whether this court may review the order of the trial court in overruling a motion to quash the service by publication, although more than one year had elapsed after the making of such ruling at the time of the commencement of the proceeding in error in this court. In *Buxton v. Alton-Dawson Mercantile Co.,* 18 Okla. 287, it is said:

"Three assignments of error are argued in the brief, the first being that arising upon the motion to quash the summons, and, in answer to this proposition the defendant in error contends that the question cannot be reviewed by this court, for the reason that the appeal was not taken within a year from the time of the rendition of judgment by the court below upon the motion. The record shows that more than one year elapsed between the time that the court overruled the motion and the perfecting of the appeal in this court, although less than one year had elapsed between the time of the overruling of the motion for a new trial and the perfecting of the appeal in this court. The plaintiff in error, therefore, contends that the ruling upon the motion for a new trial preserved the question in the record, and that

the question is one which is not barred by the statute of limitation of one year."

The court then proceeds to state that "numerous cases have been decided by the Supreme Court of the state of Kansas, but none covering this particular class of motions," and holds that in order to authorize that court to review an order of the trial court overruling a motion to quash summons an appeal must be taken within one year from the date of the overruling of such motion to quash.

In *The Kansas Rolling Mill Co. v. Bovard*, 34 Kan. 21, it was held:

"Petition in error from the district court to the Supreme Court will not lie to reverse an order of the district court refusing to set aside the service of the summons where the case is still pending undisposed of in the district court."

This is an unanimous opinion delivered by Mr. Justice Valentine at the July, 1885, term.

In *Simpson v. Rothchild et al.*, 43 Kan. 33, in an unanimous opinion delivered by Mr. Justice Valentine, at the January term, 1890, the syllabus is as follows:

. "The court below overruled a motion made by the defendant to quash the summons and to dismiss the action, and also overruled a motion made by the defendant to discharge the attachment and to dismiss the action, and also permitted the plaintiff to amend · his undertaking in the attachment; and before any judgment was rendered in the case, the defendant, as plaintiff in error, brought the case to the Supreme Court for review. *Held*, that while the case is still pending undisposed of in the court below, the foregoing orders made by the court below cannot be reviewed by the Supreme Court."

These cases were decided by the Supreme Court of Kansas prior to the adoption of the Code of Civil Procedure from that state by the Legislature of the territory of Oklahoma and were controlling on the Supreme Court of that territory. The case of *Buxton v. Alton-Dawson Mercantile Co.*, *supra*, seems to have overlooked these decisions and therefore the same is overruled. See, also, *Wails et al. v. Farrington*, 27 Okla. 754; *Union Pacific Ry. Co. v. Estes*, 37 Kan. 229, 15 Pac. 157; and *Hume v. Diffen-*

*bacher*, 53 Kan. 181, 37 Pac. 60. It follows that the action of the trial court in overruling the motion to quash the service may be reviewed on proceeding in error presented in due time after the final judgment was rendered.

The judgment of the lower court is reversed and remanded, with instructions to permit the affidavit for service by publication to be amended, if the facts will justify the same and application is so made by the defendant in error. *Pierce et al. v. Butters et al.,* 21 Kan. 125; *Harrison v. Board et al.,* 30 Kan. 532.

Reversed and remanded.

TURNER, C. J., and DUNN and HAYES, JJ., concur; KANE, J., dissents.