## In re CLINE'S ESTATE.

No. 22687.   Nov. 27, 1934.

Luttrell & Holland, for plaintiff in error.

C. F. Rice and C. G. Moore, for defendant in error.

PER CURIAM. Phoebe L. Cline died intestate on the 14th day of December, 1922. At the time of her death the Security State Bank of Lexington, Okla., apparently had in its possession certain monies on deposit to the credit of the said Phoebe L. Cline and certain notes, mortgages, or contracts belonging to Phoebe L. Cline, which it was holding for safe-keeping.

Letters of administration were issued to R. C. Manley August 25, 1928, in the county court of Cleveland county, Okla. In the course of probation, upon the petition of said administrator, a citation was issued by said court citing the Security State Bank to appear through its officers and to produce all records in said bank relating to all transactions concerning the estate of Phoebe L. Cline, deceased, and to make a true accounting to said administrator of all funds which it had handled.

Upon the hearing of said citation the county court found the sum of $600 to be in the hands of the Security State Bank belonging to the estate of Phoebe L. Cline and ordered said Security State Bank to pay said sum to R. C. Manley as administrator of the estate of Phoebe L. Cline, deceased.

The administrator appealed from the order of the county court to the district court of Cleveland county, Okla. Upon the hearing in the district court, that court found the sum of $1,300 to be due the estate of Phoebe L. Cline by the Security State Bank, and entered judgment for this sum with interest and costs.

The original proceedings in the county court were instituted under section 1220 of the 1931 Oklahoma Statutes, the material part of which is as follows:

"If any executor, administrator, or other person interested in the estate of a decedent, complains to the county court, on oath, that any person is suspected to have concealed, embezzled, smuggled, conveyed away, or disposed of any moneys, goods or chattels of the decedent, or has in his possession or knowledge, any deeds, conveyances, bonds, contracts, or other writings which contain evidences of, or tend to disclose the right, title, interest or claim of the decedent to any real or personal estate, or any claim or demand, or any lost will, the judge may cite such person to appear before the county court, and may examine him, on oath, upon the matter of such complaint, if he can be found in the state."

The following section, being 1221, provides for the method of examination upon the hearing of the citation and authorizes the court in the following language to issue an order when it appears that the person examined has knowledge of the assets of the estate:

"* * * The county court may make an order requiring such person to disclose his knowledge thereof to the executor or administrator, and may commit him to the county jail, there to remain until the order is complied with, or he is discharged according to law. * * *"

This section also provides the advantage to be gained by the issuance of such an order in the following words:

"* * * The order for such disclosure made upon such examination is prima facie evidence of the right of such administrator to such property in any action brought for the recovery thereof. * * *"

These sections of the statute provide only for a special proceeding for discovery of property belonging to an estate and were never intended to take the place of the procedure under the Code for recovery of money judgments or possession of property. The only order which a county court is given authority to issue on such a proceeding is one to compel disclosure of knowledge of the person cited as to such assets. Further than this the county court has no jurisdiction, and the remedy of the administrator

must be by a proper suit in a court of proper jurisdiction for recovery of a money judgment or possession of property, in which suit the order of the county court made on the hearing of the citation may be used as prima facie evidence as to the right of the administrator to the relief sought.

To the same effect is the case of Farmers Bank & Trust Co. v. Sheffler, 78 Okla. 44, 186 P. 479, and many other cases in various jurisdictions under similar statutes cited by appellant. The appellee has cited no cases to the contrary.

Other questions were raised by the appeal herein, but become immaterial in view of the above holding.

The case is hereby remanded to the district court of Cleveland county, with instructions to said court to enter judgment according to this opinion.

The Supreme Court acknowledges the aid of Attorneys H. G. McKeever, T. R. Blaine, and Harry O. Glasser in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McKeever and approved by Mr. Blaine and Mr. Glasser, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.