### SOVEREIGN CAMP WOODMEN OF THE WORLD v. STATE ex rel. 'READ, Ins. Com'r.

No. 25835.    March 12, 1935.

Rehearing Denied April 9, 1935.

O. H. Searcy and H. L. Stuart, for plaintiff in error.

John M. Wheeler and Creekmore Wallace, for defendant in error.

PER CURIAM. The State ex rel. Jess G. Read, State Insurance Commissioner, filed a petition in the district court of Tulsa county against the Sovereign Camp Woodmen of the World, a corporation, and on the 15th day of May, 1934, a summons was issued and served by the sheriff of Oklahoma county by leaving a copy thereof with Jess G. Read, Insurance Commissioner, on the 19th day of May, 1934. On the 5th day of July, 1934, the defendant filed special appearance and motion to quash summons.

The trial court heard this motion on the 30th day of July, 1934, overruled said motion to quash, and in the same order the court granted the defendant 30 days from the date of the order in which to plead "without prejudice to its right to appeal."

The defendant gave notice of appeal from said order and asked the court for an order superseding the action of the court, which order of supersedeas and bond therefor was denied. The petition in error with case-made attached was filed in this court August 29, 1934.

The State ex rel. Insurance Comm'ssioner has filed motion to dismiss for the reason the order overruling the motion to quash, which gives time to plead and leaves the case in court for further proceedings, is not an order which may be brought to the Supreme Court for review until final determination of the cause. The motion to dismiss must be sustained. In the case of Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934, this court said:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal 's authorized by statute prior to final judgment in the main action.

"A 'final order' is one ending the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties."

The court has applied the rule in many cases, such as an order overruling motion to withdraw an amended petition (Divine v. Harmon, 23 Okla. 901, 101 P. 1125); an order striking an amended petition (Adams v. Webb, 104 Okla. 180, 230 P. 878); an order overruling motion to substitute a cost bond (Easton v. Broadwell, 8 Okla. 442, 58 P. 506). We have not found a case in this state directly passing upon an order overruling motion to quash summons. However, in an early case of O. O. Potter et al. v. J. D. Payne, 31 Kan. 218, 1 P. 617, that court had under consideration the identical question, and held that such an order was not appealable prior to final determination of the cause. This case was followed in the case of Kansas Rolling Mill Co. v. Bovard (Kan.) 7 P. 622, and in Spaulding et al.

v. Polley, 28 Okla. 764, 115 P. 864, this court recognized and confirmed the principle announced in the Kansas case in the following language:

"In the Kansas Rolling Mill Co. v. Bovard, 34 Kan. 21, it was held:

" 'Petition in error from the district court to the Supreme Court will not lie to reverse an order of the district court refusing to set aside the service of the summons where the case is still pending undisposed of in the district court.'

"This is an unanimous opinion delivered by Mr. Justice Valentine at the July, 1885, term.

"In Simpson v. Rothschild et al., 43 Kan. 33, in an unanimous opinion delivered by Mr. Justice Valentine at the January term, 1890, the syllabus is as follows:

" 'The court below overruled a motion made by the defendant to quash the summons and to dismiss the action, and also overruled a motion made by the defendant to discharge the attachment and to dismiss the action, and also permitted the plaintiff to amend his undertaking in the attachment; and before any judgment was rendered in the case, the defendant, as plaintiff in error, brought the case to the Supreme Court for review. Held, that while the case is still pending undisposed of in the court below, the foregoing orders made by the court below cannot be reviewed by the Supreme Court.'

"These cases were decided by the Supreme Court of Kansas prior to the adoption of the Code of Civil Procedure from that state by the Legislature of the territory of Oklahoma and were controlling on the Supreme Court of that territory. The case of Buxton v. Alton-Dawson Mercantile Co., supra, seems to have overlooked these decisions, and therefore the same is overruled."

It will be seen that Spaulding v. Polley, supra, overruled the case of Buxton v. Alton-Dawson Mercantile Co., 18 Okla. 287, 90 P. 19, which had formerly held that an alleged error in overruling motion to quash could not be urged where the order was made prior to the statutory time allowed in which to perfect an appeal to this court. The law was announced in the syllabus of that case as follows:

"A motion to quash the service by publication being overruled by the trial court, the defendant having appeared specially for the purpose of making such motion, and saving its exceptions to such action of the court, thereafter answered and the cause was tried and final judgment rendered. More than one year after the ruling on the motion to quash, but within a year from the time the motion for a new trial was over-

ruled, the proceeding in error was commenced in this court. Held, that the action of the trial court in overruling the motion to quash was reviewable in such proceeding in error."

The case of Spaulding v. Polley, supra, has been consistently followed by this court since its decision.

In the case of Potter v. Payne, supra, the court said:

"It does not appear that any judgment was ever rendered in the case, but, so far as the record shows, the case is still pending, undisposed of, in the district court. * * *"

Such is the exact state of the record in this case. For the reasons stated, the appeal is therefore dismissed.