## AMERICAN SURETY CO. OF N. Y. v. WILSON, Adm'r.

No. 23590.   April 9, 1935.

Rehearing Denied April 30, 1935.

108

Howard Johnson and Tomerlin & Chandler, for plaintiff in error.

Rittenhouse, Webster & Rittenhouse and Felix Duvall, for defendant in error.

GIBSON, J. Plaintiff in error was defendant and defendant in error was plaintiff in the trial court. They will be referred to herein as they appeared at the trial.

On the 13th day of September, 1929, one Sol Heinemann, also known as S. Heinemann, was appointed administrator of the estate of Alfred Heinemann, deceased, and the defendant surety company became the surety on his bond in the sum of $6,000. Sol Heinemann was also the guardian of Bernice Heinemann, a minor, under appointment by a court of another state. The deceased held life insurance policies with certain companies aggregating the sum of approximately $11,000.

These policies were collected by S. Heinemann on behalf of the beneficiary, Bernice Heinemann.

Upon the petition of a creditor of the estate of the deceased, the administrator was cited into court, where an order of the court resulted which is in part as follows:

"It is further found that certain life insurance policies on the life of the decedent existed in full force and effect at the time of his death, which deceased, in his lifetime, attempted to change the beneficiaries therein provided which, if unchanged, the proceeds of same would revert to his estate at his death, and that said attempted change of beneficiaries were not consummated under the terms of said policies before his demise, but, notwithstanding the uncompleted change of beneficiaries, the proceeds of same were paid to Sol Heinemann as guardian of Bernice Heinemann, and that the administrator holds the sums of money received from said life insurance policies as the guardian of said Bernice Heinemann.

"That the attempted change of beneficiaries, not consummated before the death of the decedent, failed to take the proceeds of said policies out of the decedent's estate, and the administrator should recover the same for the estate by whatever means necessary to preserve the assets of the estate.

"Finally, it is found that the present administrator, Sol Heinemann, by reason of his conflicting interests as guardian and administrator, is unable to pursue and follow the proper procedure for recovering assets belonging to the estate of Alfred Heinemann, and that he should be removed and some proper person appointed to marshal the assets of the estate, settle with its creditors and close the same."

Heinemann was ordered to file an account. The order was dated April 20, 1931. The administrator was removed June 9, 1931, and the plaintiff was immediately appointed as his successor.

The order of June 9th removing Heinemann is as follows:

"Now, on this 9th day of June, 1931, the above matter comes on for hearing pursuant to the order of April 20, 1931, and the final account of Sol Heinemann, as administrator of the said estate, and the court, after hearing the same and in pursuance to said order, finds that said Sol Heinemann should be removed as administrator of the estate of Alfred Heinemann, deceased.

"It is, therefore, considered, ordered and adjuded by the court that Sol Heinemann be, and he is hereby, removed as administrator of the estate of Alfred Heinemann, deceased, subject to the provisions set out in the order of April 20, 1931. Said Sol Heinemann is directed to pay over to R. O. Wilson the sum of $1.714.76, upon the said Wilson's qualification."

The plaintiff, as administrator of the estate of Alfred Heinemann, deceased, commenced an action in the district court of Kay county against the defendant as surety on Sol Heinemann's bond to collect from said surety the sum so found due to the estate by the order of the county court of April 20, 1931, to the extent of $6,000, being the full amount of the bond.

Defendant answered alleging that Sol

Heinemann received the proceeds of the life insurance policies on behalf of his ward, Bernice Heinemann, and not as administrator of the estate of the deceased, and that the proceeds were never reported as assets of the decedent's estate. The answer further pleads the settlement of Heinemann's final account by the county court and the court's order approving same, and that Heinemann has paid to his successor, the plaintiff, the full amount found due from him to said estate. The material parts of the order approving the account are as follows:

"* * * The court * * * finds that the final account of said administrator, in so far as it reflects and accounts for the funds and property therein set forth belonging to said estate and the disbursements therein recited, should be approved and confirmed.

"It is therefore, ordered, adjudged, and decreed that the final account of Sol Heineman, administrator of the estate of Alfred Heinemann, deceased, in so far as it reflects and accounts for the funds and property therein described and the disbursements therein recited, be and the same is hereby approved."

Defendant's general demurrer, which also questioned the jurisdiction of the court, was overruled. Plaintiff moved for judgment on the pleadings, which was sustained, and judgment entered against defendant for $6,000, and the defendant appealed.

The order of the county court dated April 20, 1931, upon which this action is based, was issued by the county court under its probate jurisdiction as authorized by section 1220, O. S. 1931, which is a statute authorizing procedure in such court for the purpose of discovering assets of an estate pending administration. It provides that the administrator, or any other interested person, may seek a citation against another suspected of concealing or disposing of money or other property belonging to the estate, and provides for hearing before the court upon the matter. An order issued in such a proceeding where the question of ownership is in issue does not determine such issue, and does not have the effect of fixing liability for the conversion of property belonging to an estate.

In the case of Farmers Bank & Trust Company v. Sheffler, 78 Okla. 44, 186 P. 479, it was held as follows:

"The purpose of the proceedings provided for by Rev. Laws 1910, sections 6325 6327 (1220-1222, O. S. 1931), is to make discovery and compel production of property of an estate suspected of having been concealed, embezzled, or conveyed away, but it cannot be employed to enforce the payment of a debt or liability for the conversion of property of an estate or to try to controverted questions of the right to property as between the representative of the estate and others."

In a recent case, In re Cline's Estate, 169 Okla. 569, 38 P. (2d) 30, decided by this court in November, 1934, the court, in defining the powers of the county court under sections 1220-1222, supra, stated:

"These sections of the statute provide only for a special proceeding for discovery of property belonging to an estate. * * * The only order which a county court is given authority to issue on such a proceeding is one to compel disclosure of knowledge of the person cited as to such assets. Further than this the county court has no jurisdiction. * * *"

The petition for citation against Heinemann specifically charged that Heinemann had converted certain assets of the estate. The question of conversion was the issue involved. It was determined adversely to Heinemann. The county court found that the insurance money belonged to the estate and Heinemann disputed that finding, and there the jurisdiction of the county court on that proceeding ended. However, the judge of the court evidently knew the effect of his order, that it did not amount to a fixed liability against Heinemann, for in his order he found as follows:

"Finally, it is found that the present administrator, Sol Heinemann, by reason of his conflicting interests as guardian and administrator, is unable to pursue and follow the proper procedure for recovering assets belonging to the estate of Alfred Heinemann, and that he should be removed and some proper person appointed to marshal the assets of the estate, settle with its creditors and close the same."

It is clear that the county court, in the proceeding which resulted in the order of April 20, 1931, could not try controverted questions of the right to property, and the county court by its order recognized the limitation of its authority by proceeding to remove Heinemann and to appoint a successor to recover the assets in question. In so doing, the county court performed its exact duty as defined by this court in the case In re Kelly's Estate, etc., 132 Okla. 21, 269 P. 282, as follows:

"Where the heirs of an estate file written exceptions to an administrator's final account and report, on the ground that a certain fund belonging to the estate has not been accounted for, and it is made to ap-

pear that the administrator is claiming title to the fund in his individual right, the probate court has jurisdiction, and it becomes its duty to hear such objections, and to determine whether said fund is properly an asset of the estate, or that there are good grounds for believing that the same is an asset of the estate, and, upon a finding of either fact in favor of the heirs, it becomes the duty of the court to remove or suspend the administrator and appoint another or a special administrator to commence proceedings in a court of competent jurisdiction to determine the title to said funds."

The plaintiff contends that the administrator and his surety were bound by the order of the county court, since no appeal was taken from such order. That was not an order from which an appeal could be taken. It was merely one of several steps in the process of establishing the existence of assets of the estate and was not final.

In the case In re Kelly's Estate, supra, this court said:

"The administrator contends that the fund belonged to him individually, and not to the estate. This amounts to a claim adverse to the estate the same as though it were made by a stranger."

In the present case the administrator claims the fund belongs to him as guardian of Bernice Heinemann. This, we hold, amounts to a claim adverse to the estate the same as though the administrator were a stranger to the estate.

In the case at bar the title to the funds in question has not been determined. Liability has not been fixed upon the administrator. Until the title is determined by a court of competent jurisdiction, it cannot be urged that a liability exists against the administrator and his bondsman. According to the record, the county court was proceeding toward the establishing of the claim. That had not been accomplished when the present action was commenced. And until such is accomplished, no liability can attach to the administrator so as to charge his bondsman with any amount in controversy, and we so hold.

Pennington et al. v. Newman, 36 Okla. 594, 129 P. 693, is authority for the rule that neither the administrator nor the sureties on his bond may be sued for a breach of his administrator's bond until there has been a settlement of final account in probate court and a decree entered therein showing a balance due, and a failure of the administrator to comply with the decree. (See, also, Exendine et al. v. Iron, 153 Okla. 177, 4 P. [2d] 1035.)

In the present case the administrator has not refused to comply with the order of the county court. The order stated plainly that Heinemann, "by reason of his conflicting interests as guardian and administrator, is unable to pursue," and recover assets of the estate. As stated by this court in the Kelly Case, supra, "The administrator had a right to own in his own right property separate and apart from that of the estate, and he is entitled to claim all the safeguards provided by law for its protection, the same as any one else." This applies to Heinemann as guardian as fully as if he were claiming the fund in his individual right. By the court's order, Heinemann became a stranger to the deceased's estate in so far as the fund in question was concerned. (In re Kelly's Estate, supra.)

The plaintiff presents certain cases in support of the argument that the order of the county court of April 20, 1931, is final, and binding upon the surety. We have examined these cases and find the facts involved therein unlike the present case; they are, therefore, not controlling.

The rule as to fixing liability of an administrator so as to charge his surety, expressed in Pennington et al. v. Newman, supra, applies in the present case. The facts here do not bring the case within any of the exceptions to the rule. He did not abscond, and did not refuse to file an account, and did not refuse to pay claims where there was no dispute as to their validity, as in Donnell et al. v. Dansby et al., 58 Okla. 165, 159 P. 317; Southern Surety Co. v. Enfield et al., 103 Okla. 116, 229 P. 446; and United States F. & G. Co. v. Clutter et al., 74 Okla. 254, 179 P. 754.

The petition of the plaintiff clearly shows the action to be based upon an order of the county court which could not, and did not, purport to fix a present charge against the administrator. The petition, therefore, failed to state a cause of action against the defendant surety company, and a judgment based thereon cannot stand. It was error on the part of the trial court in entering judgment for the plaintiff upon the motion for judgment on the pleadings.

Counsel for defendant argue that judgment should have been entered for the defendant on the pleadings. It is true that where either party moves for judgment on the pleadings, the court, as a matter of law, can pronounce a judgment on the merits for one or the other of the parties, but such motion can never prevail unless, upon

the facts established by the pleadings, the court, as a matter of law, can pronounce a judgment for one or the other of the parties. (Mires v. Hogan, 79 Okla. 233, 192 P. 811; Vinson v. U. S. F. & G. Co., 119 Okla. 37, 250 P. 900.) The answer of the defendant does not reveal facts sufficient to entitle it to any relief against the plaintiff. The court could not have entered judgment on the merits in its favor. The answer does allege the settlement of Heinemann's final account and payment by Heinemann to his successor of the full amount found due. The final account is not in the record, but the order approving same is in the record and is attached as an exhibit to the answer. Such order, set out supra, approves the account "in so far as it reflects and accounts for the funds and property therein set forth belonging to the estate." It is conceded that the insurance funds in question were not contained in the account. This order plainly shows only a partial settlement by Heinemann. The order approving the account stated that the matter came on for hearing "in pursuance of the order of the court made and entered on the 20th day of April, 1931." This plainly indicates that Heinemann was being relieved of the administration for the purposes set out in the order of April 20, 1931, i. e., so that the estate might pursue the insurance funds in Heinemann's hands.

The county court of Kay county evidently understood the limitation of its authority when it undertook only a partial settlement of the account. In the case of In re Kelly's Estate, supra, this court held as follows:

"Where, upon a hearing of an administrator's final report, and upon objections to approval thereof, a prima facie showing is made that a certain fund is an asset of the estate, but has not been accounted for, it is an abuse of judicial discretion for the probate court to approve said final report until said fund is accounted for, or until it has been determined in a court of competent jurisdiction that said fund is not an asset of said estate."

We therefore hold that the trial court should have sustained the demurrer of the defendant to plaintiff's petition for the reason said petition failed to state a cause of action in favor of the plaintiff and against the defendant.

The judgment of the trial court is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.