### SHAW v. DAVIS, Adm'r.
No. 26181.   Dec. 8, 1936.

Claud Briggs and Jack Bradley, for plaintiff in error.

J. W. Callahan and Babb & Babb, for defendant in error.

PER CURIAM. This is an appeal from an order of the district court of Latimer county which dismissed an appeal from an order made by the county court of said county overruling a motion to quash a citation theretofore issued by said court in the exercise of its probate jurisdiction.

The questions presented for our determination are: (a) Whether the county court had authority to issue the citation; and (b) whether an order overruling the motion to quash a citation is an appealable order. It appears from the record that Lee Davis, as administrator of the estate of John G. Shaw, deceased, applied to the county court for a citation which would require Will J. Shaw, the former administrator of the estate, and the Bank of Hartshorne to appear before said court and to show cause why certain mortgages and other papers alleged to be the property of the said estate should not be produced and delivered to said administrator. The court, upon said application, made an order directing the issuance of a citation against the named parties, and pursuant thereto citation was issued and served upon the said Will J. Shaw. An application requiring the county judge to disqualify in the case appears in the record, but it does

not show that it was ever filed in the cause and the same appears to have been abandoned. Thereafter, on January 19, 1934, the parties appeared before the county court in person and by their attorneys, and thereupon Will J. Shaw filed motion to quash the citation theretofore served upon him; this motion was overruled, and he thereupon appealed to the district court. The district court sustained the motion of the administrator to dismiss said appeal, and thereupon an appeal was prosecuted to this court. We will refer to the parties in the order in which they appear in this court.

Plaintiff in error assigns nine specifications of error. These reduce themselves to the two questions which we have heretofore stated. The citation involved was issued pursuant to the provisions of section 1220, O. S. 1931. The purpose of the proceeding provided under the above section and the succeeding sections 1221, 1222, O. S. 1931, is to make discovery and compel production of property of an estate suspected of having been concealed, embezzled, or conveyed away, and the jurisdiction of the county court is limited thereto. American Surety Co. v. Wilson, 172 Okla. 107, 44 P. (2d) 35; In re Cline's Estate, 169 Okla. 565, 38 P. (2d) 30; and Farmers Bank & Trust Co. v. Sheffler, 78 Okla. 44, 186 P. 479. It does not appear from the petition for citation that anything more than discovery and production of certain papers was sought, and citation issued pursuant thereto did not require more than a showing of why a certain information relative to said property should not be given and delivery of said property made to the administrator. This came clearly within the requirements and provisions of the statute, and the defendant in error was entitled to examine plaintiff in error on his oath touching said matters and to ascertain whether said plaintiff in error had any property belonging to his decedent's estate in his possession or under his control, or whether the property was claimed by the plaintiff in error adversely. Under these circumstances we are of the opinion that the county court had jurisdiction to issue the citation. This brings us to the next question. An appeal from a judgment, decree, or order of the county court made in the exercise of its probate jurisdiction may be prosecuted to the district court in the instances provided under section 1397, O. S. 1931, which section reads as follows:

"An appeal may be taken to the district court from a judgment, decree or order of the county court:

"First. Granting, or refusing, or revoking letters testamentary or of administration, or guardianship.

"Second. Admitting, or refusing to admit a will to probate.

"Third. Against or in favor of the validity of the will or revoking the probate thereof.

"Fourth. Against or in favor of setting apart property, or making an allowance for widow or child.

"Fifth. Against or in favor of directing the partition, sale or conveyance of real property.

"Sixth. Settling an account of an executor, or administrator or guardian.

"Seventh. Refusing, allowing or directing the distribution or partition of an estate, or any part thereof or the payment of a debt, claim, legacy or distributive share; or,

"Eighth. From any other judgment, decree or order of the county court in a probate cause, or of the judge thereof, affecting a substantial right."

It is apparent that if the order overruling the motion to quash the citation was appealable under any of the above-cited provisions of the statute, it was by reason of the eighth subdivision thereof as being an order affecting a substantial right. The citation required the plaintiff in error to appear before the court and show cause why he should not do certain things. The motion to quash purported to be a special appearance and a challenge to the jurisdiction of the court. When such challenge has been presented and overruled, the duty of the party is as outlined in Kansas, Okla. & Gulf Ry. Co. v. Martin, 175 Okla. 73, 51 P. (2d) 577, wherein this court said:

"A defendant cannot be brought into court except as the law directs, and when he is illegally summoned therein, may appear specially and challenge the jurisdiction of the court, and if the challenge is overruled, save an exception thereto and defend the action, avoiding any request for affirmative relief, and have the error corrected by this court."

While the error, if any, may be preserved and reviewed in the manner above outlined, nevertheless an appeal may not be prosecuted directly from the order thus made. As we have said in the case of Sovereign Camp Woodmen of the World v. State ex rel. Read, 171 Okla. 387, 42 P. (2d) 896:

"An order overruling motion to quash service of summons is not such an order as may be brought to this court for review prior to final disposition of the cause."

See, also, Martin v. Farmer, 159 Okla. 210, 15 P. (2d) 11.

The record presents no error, and therefore the judgment of the trial court will not be disturbed.

Affirmed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.