## WEAVER
#### v.
## FOURTH NAT. BANK OF TULSA.
#### No. 35980.

Supreme Court of Oklahoma.

Nov. 10, 1953.

Young, Young & Young, Sapulpa, for plaintiff in error.

Gable, Gotwals & Hays, Tulsa, for defendant in error.

ARNOLD, Justice.

In cause No. 28434, A. D. Eidson v. The Fourth National Bank of Tulsa and H. V. Weaver, in the District Court of Creek County, the plaintiff obtained a joint judgment against the Fourth National Bank of Tulsa and H. V. Weaver. The judgment became final. The Fourth National Bank appeared in the trial court in the said case in an attempt to enforce the judgment against H. V. Weaver, attaching to its application an assignment of the judgment from the plaintiff to it reciting the payment and obtained an order directing Weaver to appear and disclose assets. Weaver filed a motion to vacate the order to disclose assets and on January 16, 1953, the trial court entered the following order:

"Now on this 16th day of January, 1953, this cause comes on for hearing on motion of defendant H. V. Weaver to vacate, set aside and for naught hold a certain order made and entered by the court herein under date of December 31, 1952, under and whereby H. V. Weaver was ordered and directed to appear and testify herein respecting his assets; the defendant The Fourth National Bank of Tulsa, Oklahoma, a corporation, appearing by its attorneys of record and the defendant H. V. Weaver appearing in person and by his attorneys of record, and the court, having considered said motion, and being well and truly advised in the premises, finds that the same should be overruled and denied, to which the defendant H. V. Weaver objects and excepts and exceptions are allowed by the court; thereupon said defendant gives notice of his intention to appeal to the Supreme Court of the State of Oklahoma and prays that said notice be extended upon the proper records in the Court Clerk's office and it is so ordered; thereupon said defendant prays the court to allow and fix supersedeas and

said Supersedeas Bond is fixed in the sum of $100.00 by agreement of the parties, upon the execution and filing of which further proceedings, conformable to said order, shall be and the same are hereby stayed pending final determination on appeal."

An appeal was perfected to this Court and a motion to dismiss has been filed in which it is alleged that the order to disclose assets is not a final order and therefore not appealable.

In resisting the motion to dismiss plaintiff in error contends that the order affects a substantial right made in a special proceeding or upon a summary application in an action after judgment and is therefore a final order under the definition provided in 12 O.S.1951 § 953, and is therefore appealable.

■ The appellate jurisdiction of the Supreme Court extends to final "orders of the county, superior, or district court, or a judge thereof", 12 O.S.1951 § 952. This proceeding to disclose assets was a "special proceeding" in an action after judgment, and is a final order under the definition of 12 O.S.1951 § 953, if it affects a substantial right within the meaning of that section.

The proceeding is allowed under 12 O.S. 1951 § 842. This section provides a complete remedy to either party aggrieved by the final conclusion of the proceeding and does not contemplate an appeal prior to the final action of the trial court. So far as we have been able to ascertain this court has not discussed the direct question presented concerning an appeal under this section. California has passed on a similar proposition in two proceedings. See, Ahrens v. Naftzger, 42 Cal.App.2d 738, 109 P.2d 991, and Frost v. Superior Court, 41 Cal.App. 580, 183 P. 206. In each of these cases it was held that the judgment debtor must await the final adjudication of the proceeding to disclose assets.

While not directly in point this court discussed a similar proceeding in reviewing an order made on a motion to quash a citation of a county Court in Shaw v. Davis, 178 Okl. 334, 62 P.2d 1259, 1261. Therein it is stated:

"While the error, if any, may be preserved and reviewed in the manner above outlined, nevertheless an appeal may not be prosecuted directly from the order thus made. As we have said in the case of Sovereign Camp, Woodmen of the World, v. State ex rel. Read, 171 Okl. 387, 42 P.2d 896: 'An order overruling motion to quash service of summons is not such an order as may be brought to this court for review prior to final disposition of the cause.' See, also, Martin v. Farmer, 159 Okl. 210, 15 P.2d 11."

■ This court has held in several cases that the law provides for but one appeal in an action or a proceeding unless a special statute authorizes an appeal prior to final determination of the proceeding. Attaway v. Watkins, 171 Okl. 102, 41 P.2d 914; Dennis v. Lathrop, 204 Okl. 684, 233 P.2d 969; Oklahoma City Land & Development Co. v. Patterson, 73 Okl. 234, 175 P. 934.

■ We hold therefore that the order made by the trial court did not affect a substantial right of the plaintiff in error within the meaning of 12 O.S.1951 § 953, so as to allow an appeal from such order prior to a determination of the issue in the court below and that plaintiff in error must await the final action of the court in which event he is fully protected by his right of appeal.

Appeal dismissed.

JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

WELCH and O'NEAI, JJ., dissent.